# Commonwealth *v.* Carnes, Appellant.

*Constitutional law—Courts—Juvenile courts—Trial by jury— Act of April 23, 1903, P. L. 274.*

1. The Act of April 23, 1903, P. L. 274, defining the powers of the juvenile courts, does not deprive juveniles charged with crime of their constitutional right of trial by jury. The purpose of the act is reformation, not punishment. The State as *parens patriæ* has the right to save a child from prosecution and punishment and, as against this right, neither the child nor its parents can insist that the child shall be tried for a criminal offense with which he may have been charged.

The right to trial by jury vouchsafed by constitutional guarantees is the right to be tried in that manner, if tried. The Constitution has never been held to guarantee to the citizen the right to insist that he be tried for a crime, if the State determines that it is to the interest of the citizen and the State that he shall be saved from such an ordeal.

*Juvenile courts—Children—Delinquents.*

2. A "delinquent child" is one who may be charged with the violation of any law of this Commonwealth or the ordinance of any city, borough or township. Where the district attorney has certified that, in his opinion, the welfare of the child and the interests of the State do not require a prosecution upon an indictment, under the criminal laws of the Commonwealth, the juvenile court acquires jurisdiction for the purpose of subjecting the child to the state's guardianship and protection.

*Juvenile court—Child charged with criminal offenses—Caption of case—Commitment to institution—Evidence—Sufficiency.*

3. The powers conferred upon the Commonwealth by the Act of April 23, 1903, P. L. 274, are clearly distinguishable from the powers exercised in the administration of the criminal law and, among other things, the act provides that all sessions of the juvenile court shall be held separate and apart from any session of the court held for the purpose of its general, criminal or other business. To carry out the purpose of this act in proceedings in the juvenile court, the caption should not be one in the form of a criminal case, but should be preferably In re: "John Doe, an alleged delinquent child."

4. The mere fact that a child under the age of sixteen years is before a judge of the juvenile court charged with a criminal offense, does not justify the taking of the child from the custody of its parents and its commitment to an institution. Nor would the fact that the evidence would have warranted a conviction by a jury of the crime charged require such commitment. It is the duty of the court to determine, in the light of the facts established by the evidence, what order the child's own good and the best interests of the State may require.

5. Where the whole record is destitute of facts justifying the commitment, the Superior Court will reverse the order of the lower court.

Argued October 1, 1923. Appeal, No. 28, April T., 1924, by defendant, from judgment of Q. S. Armstrong Co., June Sessions, 1923, No. 53, committing defendant to the Pennsylvania Training School, in the case of Commonwealth of Pennsylvania v. Clarence Carnes. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

835, (1923).] Statement of Facts—Opinion of the Court.

Indictment for manslaughter.   Before KING, P. J.

From the record it appeared that the defendant, a boy of thirteen years old, was arrested on a charge of involuntary manslaughter.   Upon certificate by the district attorney certifying that a prosecution was not required, the court of quarter sessions sitting as a juvenile court committed the defendant to the Pennsylvania Training School at Morganza.   Defendant appealed.

*Errors assigned* were refusal to dismiss defendant after the latter had made a formal demand for trial by jury, for committing the defendant to the Pennsylvania Training School and various rulings on evidence.

*Ward McCullouch,* for appellant, cited: Com. v. Fisher, 27 Superior Ct. 175; Mansfield's Case, 22 Superior Ct. 224; Black, Appellant, v. Graham, et al., 238 Pa. 381 (385-386) ; Com. v. Jester, 256 Pa. 441.

*Clarence O. Morris,* and with him *Blaine Mast,* District Attorney, and *E. O. Golden,* for appellee.

OPINION BY GAWTHROP, J., December 10, 1923:

This is an appeal from an order by the president judge of Armstrong County sitting in the juvenile court, adjudging appellant, a boy of thirteen years, to be a delinquent child, and committing him to the Pennsylvania Training School at Morganza.   On May 4, 1923, appellant was arrested on a charge of involuntary manslaughter.   A hearing was waived and the case was returned to the next term of the Court of Quarter Sessions of Armstrong County, beginning the third week of June, 1923.   On May 28, 1923, counsel for appellant filed in that court a written demand for a jury trial.   On June 2, 1923, the case was certified by the district attorney into the juvenile court.   On the same day, counsel for appellant being present, the case was called for hearing in the juvenile court.   Counsel for appellant moved the court

to dismiss the proceeding for the reason that on May 28, 1923, demand was made for a trial by jury. The motion was refused. Then followed a motion to dismiss the proceeding for the reason that defendant had been released on a recognizance for appearance on the third Monday of June and was not subject to the process of the court until that time. This motion was dismissed, the hearing proceeded without any objection by appellant's counsel that he was not prepared to go on and the order of commitment followed.

The first assignment of error raises the question of appellant's right to trial by jury. The right of a defendant to a trial by jury if he is to be tried on the charge of involuntary manslaughter is not open to question. The fallacy of the argument of counsel for appellant lies in the fact that appellant was not tried for any crime. The purpose of the Act of April 23, 1903, P. L. 274, is to prevent a trial and thus save children, under the age of sixteen years, from the ordeal of a trial if the child's own good and the best interests of the Commonwealth justify it. In Com. v. Fisher, 213 Pa. 48, the constitutionality of this act was attacked on the ground that it denies a trial by jury. The act was upheld in an opinion leaving nothing to be added by us. Probably the contention of counsel for appellant that defendant was deprived of his constitutional right to trial by jury results from what was said by this court in the Fisher case when it was here. See 27 Pa. Superior Ct. 175. In that case the defendant was charged with larceny and, after indictments were duly found, the district attorney certified the case to the court of quarter sessions, sitting as the juvenile court, under the provisions of the act now under consideration. In the opinion declaring that the act does not deprive juveniles charged with crime of their constitutional right of trial by jury, this court said: "If testimony was taken before the judge at the hearing, it has not been furnished us by the appellant or, if demand for trial by jury was made in the court below, it does not appear upon the record. If trial

by jury had been desired in this particular case, it was only necessary for the defendant, his father or attorney or any other person on his behalf, to have made formal demand therefor and had it made matter of record and, if denied, of exception, in order to raise a concrete question for adjudication. We, however, have nothing of that kind here. In view of the provisions of the act, we can see no difficulty whatever in defendant, or anyone for him who may be interested in securing his constitutional right of trial by jury, having such a trial." This statement refers to the provision in section 11 of the Act of 1903, that, "nothing herein contained shall be in derogation of the powers of the courts of quarter sessions and of oyer and terminer to try, upon an indictment, any delinquent child who, in due course, may be brought to trial." As lucidly stated by Mr. Justice BROWN in the same case, Com. v. Fisher, 213 Pa. 48, "this section was entirely unnecessary, for without it a delinquent child can be tried only by a jury for a crime charged; but, as already stated, the act is not for the trial of a child charged with a crime, but is mercifully to save it from such an ordeal, with a prison or penitentiary in its wake, if the child's own good and the best interests of the State justify such salvation. Whether the child deserves to be saved by the State is no more a question for a jury than whether the father, if able to save it, ought to save it. If the latter ought to save, but is powerless to do so, the former, by the Act of 1903, undertakes the duty and the legislature, in directing how that duty is to be performed in a proper case, denies the child no right of a trial by jury, for the simple reason that, by the act, it is not to be tried for anything." The purpose of the act is reformation, not punishment. The State as parens patriæ has the right to save a child from prosecution and punishment and, as against this right, neither the child nor its parents can insist that the child shall be tried for a criminal offense with which he may have been charged. The right to trial by jury vouchsafed to us by constitutional

guarantees is·the right to be tried in that manner, if tried. The Constitution has never been held to guarantee to the citizen the right to insist that he be tried for a crime if the State determines that it is to the interest of the citizen and the State that he shall be saved from such an ordeal. It follows that what was said by this court in Com. v. Fisher, with respect to the right of the appellant in that case to have secured a trial by jury, if he had demanded it, was declared not to be the law when the case was decided by the Supreme Court in 213 Pa. 48. That case rules this point against this appellant.

The complaint that it was error to refuse appellant's motion to dismiss the proceeding for the reason that defendant was released on a bond for appearance on the third Monday of June, and was not subject to the process of the court at the time of the hearing, overlooks the provisions of paragraph 3 of section 2 of the Act of 1903, prescribing that the powers of the juvenile court may be exercised " (3) whenever, after return made by a magistrate of the proceedings, upon the arrest of such delinquent child for an indictable offense, the district attorney of the county, either before or after the indictment, shall certify that, in his opinion, the good of the child and the interests of the State do not require a prosecution upon an indictment, under the criminal laws of this Commonwealth." A "delinquent child" is defined by the act to mean "any child......who may be charged with the violation of any law of this Commonwealth or the ordinance of any city, borough or township." Here is express provision for the bringing of appellant into the juvenile court for the purpose of subjecting him to the state's guardianship and protection. By the certificate of the district attorney, the processes of the criminal law were ended. To save the child from becoming a convicted criminal, the legislature provided a method for removing him from the clutches of the criminal law and bringing him into another court for the purpose of subjecting him to its guardianship. The

methods which the legislature has provided for bringing a child into court for the charitable and humane purposes of the Act of 1903 are not undue processes of law for depriving the child of its liberty as a penalty for crime committed.   See Com. v. Fisher, 213 Pa. 48.

The objection that the court below abused its discretion in forcing appellant to a hearing without an opportunity to prepare a defense is not raised by any assignment of error, but it is sufficiently answered by the fact that no such objection was made in the court below.

The only other question which requires consideration is the sufficiency of the evidence to warrant the order of commitment.   Section 1 of the Act of 1903, supra, lodges in the courts of quarter sessions of the peace within the several counties of this Commonwealth jurisdiction in all proceedings which may be brought before them affecting the treatment and control of dependent, neglected, incorrigible and delinquent children under the age of sixteen years.   The words "incorrigible children" are defined by the act to mean any child who is charged by its parent or guardian with being unmanageable.   The words "delinquent child" are defined to mean any child, including such as have been designated "incorrigible children," who may be charged with the violation of any law of this Commonwealth, or the ordinance of any city, borough or township.   As appellant was charged with involuntary manslaughter, he was subject to the jurisdiction of the juvenile court.   But the mere fact that a child under the age of sixteen years is before a judge of the juvenile court charged with a criminal offense, does not justify the taking of the child from the custody of its parents and its commitment to an institution.   Nor would the fact that the evidence would have warranted a conviction by a jury of the crime charged require such commitment.   It is the duty of the court to determine, in the light of the facts established by the evidence, what order the child's own good and the best interests of the

State may require. An examination of the record has convinced us not only that the evidence was insufficient to have warranted a conviction upon an indictment for involuntary manslaughter, but that the killing was a pure accident. Nor does the evidence touching the general conduct and the environment of the child, considered with the evidence relating to the accident, establish any facts upon which the judicial mind could arrive at the conclusion that the child's own good and the best interests of the state required the order of commitment.. We are not unmindful that the judge of the court below had the advantage of seeing the defendant and all the witnesses and was in a better position than we are to come to a conclusion upon the evidence. But the whole record is so destitute of any facts justifying the commitment that we are constrained to hold that the learned judge committed reversible error in making the order.

In conclusion, we deem it our duty to refer to the caption of this case: Com. v. Clarence Carnes. While there is ample precedent for a caption in that form, such a proceeding is not a criminal case. The Act of 1903 states that it is important that the powers of the courts in respect to the care, treatment and control over dependent, neglected, delinquent and incorrigible children should be clearly distinguishable from the powers exercised in the administration of the criminal law. It provides that all sessions of the juvenile court shall be held separate and apart from any session of the court held for the purpose of its general, criminal or other business, and that the records of such proceedings shall be kept in a separate docket. To that end, we think proceedings in the juvenile court should be given a more appropriate caption, one not in the form of a criminal case, such as In re: John Doe, an alleged delinquent child.

The order is reversed and the appellant is discharged from his recognizance.