# Commonwealth *v.* Nellie Showalter Mountain, Appellant.

*Parents and children—Neglected children — Appeals — Act of April 23, 1903, P. L. 274—Act of June 1, 1915, P. L. 652—Act of July 11, 1917, P. L. 817—Juvenile court—Docketing cases.*

On an appeal from decree of court of quarter sessions, sitting as a juvenile court under Act of April 23, 1903, P. L. 274, directing that certain neglected children be placed in the hands of a charity corporation, the Superior Court has nothing before it but the consideration of the order of the court, where the testimony has not been reduced to writing nor made a matter of record. It cannot, therefore, consider the action of the lower court on its merits, where the time within which a petition for a rehearing might have been presented has elapsed.

It is undesirable that cases in the juvenile court should be docketed as if they were criminal proceedings.

Argued October 22, 1923.  Appeal, No. 88, Oct. T., 1923, by Nellie Showalter Mountain, from decree of Q. S. Huntingdon Co., Sept. Sessions, 1923, No. 45, committing of certain children to the custody of "The Children's Home Society of Pennsylvania." Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Petition relative to the care and custody of certain neglected children under the provisions of the Act of April 23, 1903, P. L. 274.  Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

524   COMMONWEALTH *v.* MOUNTAIN, Appellant.

Assignment of Error—Opinion of the Court. [82 Pa. Superior Ct.

The court committed the children to the care of "The Children's Home Society of Pennsylvania." Respondent appealed.

*Errors assigned* was the decree of the court.

*H. W. Petrikin,* and with him *L. H. Beers,* and *William Wallace Chisolm,* for appellant.

*Chester D. Fetterhoff,* District Attorney, for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

This is a proceeding under the Act of April 23, 1903, relating to the care, treatment and control of dependent, neglected, incorrigible and delinquent children under the age of sixteen years. The case was presented to the court of quarter sessions sitting as a juvenile court by the district attorney on the petition of a citizen of the Borough of Huntingdon who was also the chief of police. It was alleged in the petition that Nellie Showalter Mountain of that borough was the mother of five children under sixteen years of age—the oldest being about thirteen years old, and the youngest about four years old; that the children were dependent and had been for some time neglected by their mother. On the 26th of January, 1923, a hearing on the petition was set for January 31, 1923, on which latter date testimony was taken, whereupon the court found that "the children named in this petition have not had proper parental care, and are therefore neglected children within the meaning of the Juvenile Court Acts." The court then directed that they be placed in the care and custody of "The Children's Home Society of Pennsylvania," a corporation having its place of business in Allegheny County, Pennsylvania. The testimony taken at the hearing was not made a matter of record nor reduced to writing. We have nothing therefore but the order of the court for consideration. We would lend an attentive ear to the

complaint of this mother from whose custody and care her children had been taken if the testimony on which the action of the court was based had been brought up as a part of the record. The right of the mother to the care and comfort of her little children is one of the highest recognized by the law and the proceeding should be subject to review which not only takes such children from their home and kindred, but removes them to a distant place where they are in charge of an institution invested with authority to place them in private homes and to give legal consent to their adoption as members of the families of strangers. But provision is not made in the Act of 1903 for an appeal of such a case to be heard on its merits. This apparent oversight was corrected by the Act of June 1, 1915, which provides in the first section that within twenty-one days after the final order or decree of any of the courts of the Commonwealth sitting as a juvenile court or any judge sitting as such, committing or placing any dependent, neglected, incorrigible, delinquent, or other kind of children, or child, to any institution, etc., such child or children shall, as a matter of right by its or their parent or parents or next friend, have the right to present, to such courts sitting as juvenile courts or judge sitting as such, a petition to have its or their case or cases reviewed and reheard, if in the estimation of such parent or parents or next friend an error of fact or of law or of both has been made in such proceedings or final orders; or if the said error has been improvidently or inadvertently made, on which petition it is made the duty of the court to grant a rehearing as a matter of right. The statute also directs that the testimony be taken at such rehearing and transcribed by the court stenographer which testimony is to be made a part of the record in the case, and from the order of the court made at the rehearing an appeal to the Superior Court is allowed as a matter of right; the case to be heard as in the case of an appeal from any definitive sentence or decree of the orphans' court, and in hearing

such appeal it is made the duty of the Superior Court to consider the testimony as part of the record. If the case were presented on an appeal after a rehearing, all of the questions of law and fact arising would be before us and the propriety of the action of the court would be for consideration. But the pending appeal is from the original order of commitment with respect to which we have no power of review except that which is given by statute, and as the evidence is not before us, we are left only to a consideration of the regularity of the record, the jurisdiction of the court in such cases being unquestioned. The time has elapsed within which a petition for a rehearing might be presented under the Act of 1915. The second section of that statute provides for an application to the juvenile court for a revocation or modification of the order of commitment if such a change of circumstances should take place as in the estimation of the parent or next friend of such child or children should warrant such revocation or modification; on which application it is made the duty of the court to give a full and proper hearing on the petition. The statute also directs that the testimony at such hearing be taken and transcribed by a court stenographer and such testimony is made a part of the record of the case and from the decree of the court in such hearing an appeal is allowed as a matter of right to the Superior Court. The provisions of the Act of 1915 are the only regulations for appeals to review the proceedings on their merits to which our attention has been called. As the present appeal is not within the intendment of this statute, we are without authority to enter into a consideration of the facts involved.

It is suggested by the learned counsel for the appellant that the Act of July 11, 1917, P. L. 817, confers authority to examine the case on its merits, but that act relates specifically to habeas corpus cases. The technical significance of the writ of habeas corpus is well understood and when the legislature refers in terms to a writ

of habèas corpus it must be understood that reference
is had to the common law writ.   The act referred to gives
an appeal to the Superior Court from any order, decree
or judgment in any habeas corpus proceeding involving
the custody of children in any of the courts of the Com-
monwealth, and to consider the case on its merits as
right and justice may demand.   The proceeding under
the Act of 1903 is not by writ of habeas corpus nor can
it be properly described as a habeas corpus proceeding.
True it is that it involves the question of the custody
of certain minor children, but the case does not arise on
a writ of habeas corpus.

No reference was made by the counsel on either side
in the argument to the Act of April 18, 1919, P. L. 72,
relating to the consideration on appeal by the Supreme
and Superior Courts of testimony taken in any proceed-
ings in courts of record and providing for the making of
such testimony a part of the record.   We have not con-
sidered the question whether this statute so amends the
Acts of April 23, 1903, and June 1, 1915, above cited, as
to give to the party aggrieved an appeal from an original
order entered under the former statute with a right to
a review of the case on its merits; the testimony taken
becoming a part of the record.   If it be contended that
the later statute entitles the appellant to such relief, we
are confronted by the fact that the testimony presented
to the court was not "filed in said proceedings" and made
a part of the record to be reviewed in this court as re-
quired by the statute; nor so far as we may gather from
the argument was any movement made to have the testi-
mony reduced to writing and brought up for review.   As
the assignment of error only attacks the order of the
court, we have therefore nothing before us except the
regularity of the proceeding.

In disposing of the case it is proper to direct the atten-
tion of the counsel and officials concerned to the caption
of the case.   It is entitled as if it were a criminal case
against Mrs. Mountain, whereas it is a statutory proceed-

ing relating to the custody and welfare of certain minor children.  The subject was considered in Commonwealth v. Carnes, 82 Pa. Superior Ct. 335, decided at Philadelphia in December last, and reference is now made to the suggestion of our Brother GAWTHROP in that case with respect to the manner in which such proceeding should be docketed.

We are reluctantly constrained to affirm the order. The order is affirmed without prejudice.