## Commonwealth ex rel. v. Whitehill et ux.

*Agresti & Agresti,* for relator.

LAUB, J., September 15, 1948.—The Juvenile Court of Erie County, Pa., finding that John Hardman was a neglected child, awarded his custody to respondents. This petition for a writ of habeas corpus, brought by Roy M. Hardman, father of John Hardman, alleges that the award was illegal and that the best interests of the child are not being served by the court's action.

The writ was issued July 26, 1948, and made returnable August 9, 1948, at 2 p. m. No hearing was had on the return day since a reconsideration of the petition at that time convinced us that the writ should not have been issued.

By the terms of the Juvenile Court Law of June 2, 1933, P. L. 1433, sec. 2, 11 PS §244, the juvenile courts of the several counties are given full and exclusive jurisdiction in all proceedings affecting delinquent, neglected and dependent children. See Trignani's Case, 150 Pa. Superior Ct. 491. The reason for confining such jurisdiction within a specialized branch of quarter sessions court lies in the character of the Commonwealth as the common guardian of such unfortunate children: Commonwealth v. Fisher, 213 Pa. 48. It was the legislative intent to provide a court which would, in a benevolent environment, employ every scientific and humanitarian aid in the treatment of delinquent or dependent and neglected children. To this end it clothed the court with all necessary power and safeguards so that, within its own sphere, the juvenile court could pursue its course without interference by other courts.

In the instant case, the juvenile court has determined that the best interests of John Hardman require him to remain with respondents. It would be an unwarranted act of effrontery as well as an illegal as-

sumption of jurisdiction on our part for us to review the judgment of the juvenile court in the premises. This does not imply that the legislature has assumed for the juvenile court an omniscience which precludes it from entering erroneous judgments or improvident decrees. In the Juvenile Court Law itself, provision is made in both sections 15 and 16 for rehearings where interested parties deem the action of the court to be improper. In both sections provision is also made for the taking of testimony and appeals to the Superior Court.

The present petition is but an effort to make the writ of habeas corpus act as a substitute for an appeal. It has long been a recognized principle of the law that habeas corpus cannot be used as a substitute for an appeal except where certain basic and fundamental errors appear: Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41; Commonwealth ex rel. Schultz v. Smith, Warden, 139 Pa. Superior Ct. 357. No such error has been alleged here and it is doubtful that even such allegation would justify the issuance of the writ until all efforts were exhausted before the court entering the decree. See Commonwealth ex rel. McGlinn v. Smith, supra, where it was said (p. 48) : "The remedy of habeas corpus being an extraordinary one, it can be successfully invoked only in exceptional cases, where there is a 'peculiar and pressing need for it'." Since the petition itself fails to disclose probable cause and reveals lack of jurisdiction, the writ should not have been issued: Passmore Williamson's Case, 26 Pa. 9.

And now, to wit, September 15, 1948, the writ of habeas corpus, issued July 26, 1948, is discharged and John Hardman is remanded to the custody of respondents to abide the orders of the juvenile court.