Opinion by
Rhodes, P. J.,
This is an appeal from an order of the Municipal Court (Juvenile Division) committing the minor to the Pennsylvania Industrial School at White Hill.
The petition charged that he was a juvenile delinquent. As evidence of his delinquency the petition charged him with the destruction of personal property of others, with the possible commission of larceny, and with writing a threatening letter. The minor was born on November 25,1933. Hearings were held before President Judge Boyle of the Municipal Court on September 8, 21, and 23, 1949, and a record made of 444 pages. Upon this record the Judge found that the minor was a delinquent, that he possessed serious abnormal sexual urges, that he is potentially - and sexually dangerous, that, if he is permitted to remain at large, even upon probation, he would likely be a danger and a menace to the community, and that for his own welfare and that of his family and the community at large he should be committed to an institution where he can receive psy *345 cliiati-ic treatment. He thereupon made an order of commitment.
As provided by section 15 of the Act of June 2,1933, P. L. 1433,11 PS §257,[1] a petition for review and rehearing was filed on behalf of the minor by his mother within twenty-one days after the order of commitment. The petition averred generally that the court erred in its findings of fact and in its conclusions of law, that the order of the court was improvidently and inadvertently made, that the court erred in refusing counsel for the minor the right to further cross-examine the witnesses, and that the commitment was illegal. The Commonwealth filed an answer, and a rehearing was held on October 19, 1949. At that time the testimony taken at the previous hearings on September 8, 21, and 23,1949, was admitted as part of the record on the rehearing. Counsel for the minor was given opportunity to present further testimony and to sustain the averments of his petition. Counsel at the time stated that he did not challenge the find *346 ing of the court that the minor ivas a delinquent. His contention was that the rehearing on his petition was de novo and the equivalent of a new trial, and that all the witnesses for the Commonwealth should be recalled to establish again the facts to which they testified in order that he might be able to prove by further cross-examination, in addition to the testimony presented in defense on causation, what caused the minor to commit the acts for which he has been adjudged delinquent. No additional testimony being offered by counsel for the minor, the court refused his request that all the witnesses for the Commonwealth be recalled. After reviewing the record it entered the final order on November 2, 1949, affirming the commitment, from which this appeal has been taken.
The issues presented on this appeal are limited. The court did not classify the minor as a sexual psychopath or as a constitutional psychopathic inferior. The court found him to be a delinquent. Delinquency is admitted, and it is undisputed that he is abnormal sexually and requires treatment. Five psychiatrists testified, and the opinion of another was incorporated in the record. They all agreed that the minor required psychiatric treatment. The three engaged by the minor did not think that he should be placed in an institution. It was their opinion that the minor was not potentially dangerous, and that he could safely be permitted to be at large providing he received proper psychiatric treatment, he being kept under close observation during such time. The other three psychiatrists testified that the minor had a personality defect, that he was potentially dangerous, and that he should be given institutional treatment.
We are asked on this appeal to reverse the order of commitment with a rehearing de novo that there may be further cross-examination of Commonwealth witnesses as to causation. From our examination of the record it *347 is clear to us that the judge allowed ample cross-examination on all matters relevant to the issues. The extent of cross-examination is ordinarily a question for determination by the trial judge. His action will not be reversed in the absence of an abuse of discretion. Tolomeo v. Harmony Short Line Motor Transportation Co., 349 Pa. 420, 423, 37 A. 2d 511.
The court below has exclusive jurisdiction in the first instance in all proceedings affecting or concerning delinquent children under eighteen years of age. Act of July 12, 1913, P. L. 711, § 11 (b), and amendments, 17 PS §694; The Juvenile Court Law of June 2,1933, P. L. 1433, §2, 11 PS §244. Section 1 (4) of The Juvenile Court Law, 11 PS §243, defines what constitutes delinquency. Section 8 of the Act of 1933, as amended by Act of June 15, 1939, P. L. 394, §1, 11 PS §250, further provides that after hearing the judge may determine whether the best interests and welfare of a child and the State require the care, guidance, and control of such child, and shall make an order accordingly; and that the court may, inter alia, place the child on probation or commit it to some suitable institution or industrial school. This section clearly implies that there is some discretion to be exercised by the court as to what shall be done with a delinquent child. “If a delinquent is found to be a proper subject for reformation the child remains within the jurisdiction of the juvenile court to be dealt with by it”: Trignani’s Case, 150 Pa. Superior Ct. 491, at page 493, 28 A. 2d 702, at page 703.
An appeal from a final order of a juvenile court is a matter of right to the Superior Court, and shall be “upon the same terms and with the same regulations as are provided by law with respect to appeals from any decree of the orphans’ court.” Section 15 of the Act of 1933, 11 PS §257. This Court shall consider the testimony as a part of the record on appeal from the final order in a proceeding for review and rehearing.
*348 Section 22 (b) of the Orphans’ Court Act of June 7, 1917, P. L. 363, 20 PS §2602, provides: “The Supreme and Superior courts of this Commonwealth shall, in all cases of appeal from the definitive sentence or decree of the orphans’ court, hear, try and determine the same as to right and justice may belong, and decree according to the equity thereof; . .
In the exercise of its judicial discretion, the court committed the minor to White Hill where he could receive the psychiatric treatment indicated by all the psychiatrists. See Trignani's Case, supra, 150 Pa. Superior Ct. 491, 494, 28 A. 2d 702. As the court below said: “. . . the dissatisfaction with the court’s action has to do with the court’s disposition of the minor after the delinquency was established.” After referring to section 22 (b) of the Orphans’ Court Act, 20 PS §2602, the Supreme Court, in Garrett’s Estate, 335 Pa. 287, 292, 293, 6 A. 2d 858, 860, said: “When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. ‘An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.’ ” The court, in coming to the conclusion that the minor should be committed to an institution, gave careful consideration to the testimony and recommendations of the psychiatrists, and summarized their testimony as follows: “The psychiatrists on behalf of Paul, namely, Drs. Ornsteen, Spark, and Winkelman, stated that in their opinion Paul was not and is not potentially dangerous; that he could *349 safely be permitted to be at large, provided lie received proper psychiatric treatment, and that he be kept under close observation during such time. . . . On the other hand, Dr. Stewart, a psychiatrist who has been on the Staff of the Municipal Court for many years, states: ‘He is a potentially dangerous boy whose personality defect is so fundamental that it will not respond to the usual course of psychiatric treatment. If permitted to remain at large he might well commit a serious sex crime. He is, therefore, in need of a long period of institutional training and should not be released until carefully re-evaluated. He should be committed to White Hill.’ Dr. Stewart also stated: ‘I think it would be far safer in an institution like White Hill ... We frequently send boys to White Hill and Huntingdon and after a few years they make a good adjustment. But I think it would be very dangerous to leave him at large at the present moment. . . . Paul is not feeble-minded nor mentally defective. . . . The associations in White Hill won’t do him any harm ... he will be supervised and controlled.’ Dr. Drayton, another member of the staff of the Municipal Court, confirmed Dr. Stewart’s opinion that Paul was potentially dangerous, stating that, ‘He might injure some girl or some woman with his great sexual urge.’ Dr. Davidson, who has observed this boy almost daily for about two months, stated that it was his opinion that Paul should be ‘restrained for some time’ because Paul had abnormal sexual impulses and that such were always a danger to other people.”
In the light of this testimony there was no abuse of discretion on the part of the court in making the final order of commitment. It declined to ignore the observations of the Commonwealth’s medical experts. Moreover, it is to be borne in mind that an order in this type of case is never final. With a change of circumstances a petition on behalf of the minor may be presented asking for a revocation or modification of the *350 existing order. Section 16, Act of 1933, 11 PS §258. See, also, section 12 of the Act, 11 PS §251.
We are of the opinion that there is no merit in appellant’s contention that the rehearing on October 19,1919, was not in accordance with section 15 of the Act of 1933, 11 PS §257.
At the oral argument before this Court counsel for the minor contended that all witnesses for the Commonwealth who previously testified had to be recallel on such rehearing although there was no dispute as to the material facts—that the minor was a delinquent, and that he was abnormal requiring psychiatric treatment. Section 3 of the Act, 11 PS §215, provides that all sessions of the juvenile court shall be held separate and apart from sessions of the court held for the purpose of its general, criminal, and other business; that the records shall be kept in a separate docket; and that they shall be withheld from indiscriminate public inspection. See, also, section 9 of the Act of July 12, 1913, P. L. 711, as amended, 17 PS §692. Proceedings before a juvenile court are often informal, and at times' the testimony taken at a hearing is not made a matter of record or reduced to writing. Under such circumstances, on an appeal from an order under the Act of April 23, 1903, P. L. 271, it was held that there was nothing before the appellate court for consideration other than the order of the court below. See Commonwealth v. Mountain, 82 Pa. Superior Ct. 523. The Act of June 1, 1915. P. L. 652, provided for a rehearing substantially as now provided by section 15 of the Act of 1933, 11 PS §257. Such a rehearing assures a record which.can be reviewed on appeal. In the present case the court granted a rehearing on the petition of the mother of the minor. The court gave to the appellant the opportunity to call witnesses to establish any material and relevant fact, and to point out any error of fact or of law in the proceed *351 ings or order, or wherein the order had been improvidently or inadvertently made.
Where full hearing has been held and an order made, a “review and rehearing,” as provided by section 15 of the Act, 11 PS §257, is not in the nature of a new trial with the court’s order vacated or set aside. The Act clearly indicates that the “review and rehearing” is for the correction of errors of fact or of law, or of both, which it is claimed the court had made in the proceeding or in its order, or for the disposition of an order improvidently and inadvertently made. On such rehearing the testimony presented “shall be taken down and transcribed by an official court stenographer, which testimony shall be duly made a part of the record in such case.”
The Commonwealth at the rehearing in the present case could offer and rely on the record previously made. Appellant at the rehearing did not present any additional testimony or call any witnesses. The court thereupon reviewed the entire record and made its final order. Such record must be legally and factually adequate to sustain the findings of fact and order of commitment. A record destitute of any facts justifying the commitment of a minor would require a reversal. Commonwealth v. Carnes, 82 Pa. Superior Ct. 335, 342.
In the present case we find no abuse of discretion, and the record contains no reversible error.
Order is affirmed.

 “Within twenty-one (21) days after the final order of any judge of the juvenile court, committing or placing any dependent, neglected or delinquent child, such child shall, as a matter of right, by his or her parent or parents or next friend, have the right to present to the court a petition to have his or her case or cases reviewed and reheard, if, in the opinion of such parent, parents, or next friend, an error of fact or of law', or of both, has been made in such proceedings or final order, or if the said order has been improvidently or inadvertently made.
“Upon the presentation of such petition, the court shall grant such review and rehearing as a matter of right. The testimony at such reviews and rehearing shall be taken down and transcribed by an official court stenographer, which testimony shall be duly made a part of the record in such ease. From the final order of such court, in proceedings for such rehearings and reviews, appeals shall lie as a matter of right to the Superior Court, upon the same terms and with the same regulations as are provided by law with respect to appeals from any decree of the orphans’ court. In hearing such appeals, the Superior Court shall consider the testimony as a part of the record.” Act of June 2, 1933, I*. L. 1433, §15,11 PS §257.