## Ciammaichella Appeal.

Argued March 27, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*David Berger,* for appellants.

*Herbert Mayers,* for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

This is an appeal from an order of the juvenile court (Juvenile Division of the Municipal Court of Philadelphia) made under circumstances hereinafter stated.

The appellee and one Peter Salemno, her former husband, had two children,—Donna, aged 7, and Nancy, aged 6. The parents did not live together after February, 1946, and were divorced. In December, 1946, the juvenile court committed Donna, the elder child, to the custody of her mother. Mrs. Salemno remarried in 1948 and that child now lives with her mother and step-father.

Nancy, the child involved in the present case, was committed by the juvenile court to the custody of the Catholic Children's Bureau. Later the order was changed to permit the Bureau to place the child in a "free home."

It will thus be seen that the jurisdiction of the juvenile court had attached and the powers of the court been exercised. It follows that matters concerning the welfare of said dependent child are for that court. Rarely, if ever, would the jurisdiction be transferred to the court of common pleas under a habeas corpus proceeding.

In October, 1947, the father of the child had executed a formal document giving consent to her adoption by a person found suitable to the Catholic Children's Bureau; and on November 3, 1947, the mother executed a similar document. On November 22, only 19 days thereafter, the mother requested the Catholic Children's Bureau to return the child to her. In November, 1947, the child was placed by the Bureau with the Ciammaichellas for adoption. Nancy was then two years of age, and at the present hearing she was about five years old.

On December 4, 1948, the mother petitioned the juvenile court to return this child to her. This is a matter of right under the act.[1] Although the Ciam-

---

[1] Under The Juvenile Court Law of 1933, P. L. 1433, §16, 11 PS §258.

maichellas had no notice of this proceeding, they were later permitted to intervene. After full hearing and rehearing, the juvenile court directed that the child be given to her mother. From this order the Ciammaichellas prosecuted the present appeal. They also contend that the mother had abandoned the child when she executed the surrender to the Catholic Children's Bureau. The court below correctly held that there was no abandonment.

The scope of our review is limited.[2] In *Weintraub Appeal*, 166 Pa. Superior Ct. 342, 348, 71 A. 2d 823, President Judge RHODES, stated the rule: " 'When the [juvenile] court has come to a conclusion by the exercise of its discretion, . . . it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to . . . show an abuse of the discretionary power. "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." ' " It was also pointed out that orders of the juvenile court are not final and are subject to modification or revocation.

In the instant appeal it is not suggested that the court below acted out of partiality, prejudice, bias or ill-will.

The opinion of the court below states: ". . . the record clearly paints the picture of a harassed mother, who only gave up her rights in the child because of circumstances which she could not control. . . *We are firmly convinced that the best interests of Nancy will*

---

[2] See 11 PS §§250, 254, and the amendatory Act of 1933, P. L. 1433, 11 PS §257.

*be served by placing her with her mother . . . where she will have the benefit, not only of the love of her mother, but of the comradeship and society of her sister."* (Italics supplied).

The records of the juvenile court are sealed and secret, and we point out that persons or organizations having physical custody of a child, under a valid order made by the juvenile court, should not transfer the custody elsewhere except under an order of the juvenile court naming the persons given custody.

The order is affirmed.