## Commonwealth v. D'Antonio

*Augustine J. Rieffel, Juanita K. Stout* and *James N. Lafferty*, Assistant District Attorneys, and *Victor H. Blanc*, District Attorney, for Commonwealth.

*George T. Guarnieri*, for defendant.

ALESSANDRONI, P. J., January 15, 1959.—Defendant Virgil D'Antonio pleaded guilty to two bills of indictment charging him with robbery. He was sentenced to one to three years on one bill; sentence was suspended on the other. On the last day of the term defendant filed a petition for reconsideration of the sentence; the petition was allowed, sentence was vacated and then deferred.

The petition for reconsideration raises the issue of the regularity of the entire proceedings from the moment of arrest until indictment.

The facts of this matter are as follows: On July 5, and August 29, 1957, two robberies were committed. On August 30, 1957, defendant was arrested by two policemen, one a member of the Juvenile Aid Bureau. Defendant, who was born in February 1940, was approximately seventeen and one-half years of age.

After interrogation defendant was placed in custody in the Youth Study Center pursuant to the mandate of the Act of July 3, 1947, P. L. 1228, sec. 1, 11 PS §441, and the Act of June 2, 1933, P. L. 1433, sec. 7, 11 PS §249. Thereafter, he was released in the custody of his parents upon entry of a $600 bond by his father for appearance before the juvenile court. This release was pursuant to section 6, 11 PS §446, of the Act of 1947.

On October 1, 1957, defendant appeared before Hoffman, J., in juvenile court. Defendant was ordered held under $1,500 bail for action of the grand jury. He was subsequently indicted in March 1958, with the results set forth above.

Defendant's petition challenges the action in the juvenile court. The petition alleges that defendant was a fit subject for reform and rehabilitation and that the imprisonment was and is the wrong method of reform. The kernel of the argument is that the juvenile court should have retained and exercised its exclusive jurisdiction and that it improperly divested itself of same. The above constitutes a collateral attack on the action of the juvenile court and merits no further comment, since this court is powerless to alter it in any event. They are findings that only the juvenile court has capacity to make.

However, the argument that jurisdiction was improperly divested merits consideration, although this argument can be answered in its entirety by the language of section 18, 11 PS §260, of the Juvenile Court Act which specifically provides that nothing in the act shall be in derogation of the powers of the courts of quarter sessions and oyer and terminer to try upon indictment any delinquent child: Trignani's Case, 150 Pa. Superior Ct. 491.

The Juvenile Court Act provides several specific methods for invoking the jurisdiction of the juvenile court. These include petition, commitment by a magistrate or transfer from the criminal courts if defendant be under 16 years of age: Trignani's Case, supra. Nowhere does the act provide for the situation of the instant case, i.e., defendant is arrested and turned over to the custody of the house of detention to await action of the juvenile court.

Indeed it is arguable that the juvenile court cannot obtain jurisdiction except in the three methods hereinbefore set forth. This would be a most unreasonable construction. Thus in Trignani's Case, supra, although the jurisdiction attached by petition, the court cited section 18, 11 PS §260, as empowering the court to divest itself of jurisdiction.

The divestment of jurisdiction by a juvenile court judge as a committing magistrate received tacit approval in Mont Appeal, 175 Pa. Superior Ct. 150. The distinguishing feature, but not controlling, is that defendant in that case was initially charged with homicide which was subsequently ended by a nolle prosequi in quarter sessions. In that case the juvenile court acted despite the fact that the circumstances which apparently should be present before the court divests itself of jurisdiction were not present, to wit, commitment by a magistrate, alderman or justice of the peace, as provided in section 18, 11 PS §260. The action in that case was by petition.

The section is not limited in its application to those cases where defendant is committed by a magistrate; the additional language of section 18 indicates the proper construction. This language which does not derogate the power of the criminal courts indicates the intention that all juveniles be considered as objects of the State's interest, parens patriae.

It further indicates that the State may elect not to extend its interest, but rather empowers the judge of the juvenile court to make a determination for it. That the court has this power is indicated by the fact that the adjudication of the juvenile court prevents further prosecution.

Between the ages of 16-18 years, the jurisdiction of the juvenile court and the ordinary criminal courts is concurrent: 11 PS §256. Therefore, if a juvenile between 16 and 18 years was somehow to escape treatment as a juvenile and treated as an adult and upon trial in quarter sessions was found to be between 16 and 18 years of age, quarter sessions could not be required to return the juvenile to the juvenile court: 11 PS §256. The reverse also seems valid, that if a juvenile between 16 and 18 years was indicted by a grand jury and simultaneously being proceeded against in the juvenile court, since the juvenile court's jurisdiction is exclusive, if it chooses to exercise it, quarter sessions could not demand the return of the juvenile defendant.

Defendant urges that prejudicial error sufficient to vitiate the entire proceedings is present because the juvenile court failed to render an opinion that the interests of the State require prosecution. Of course the action of the juvenile court is more eloquent than the mouthing of a mere oral formula. Defendant apparently indicates that the court should make some sort of specific finding, oral or written, he does not state. However, the act empowers the judge of the juvenile court to act when "in his opinion" he deems it advisable. Defendant's argument is a matter of form, not substance. No requirement for filing such a specific finding exists in the Juvenile Court Act.

The petition for reconsideration was therefore dismissed.