## Commonwealth v. McClary

*Benjamin H. Renshaw, Jr.*, Assistant District Attorney, for Commonwealth.

*Malcolm W. Berkowitz*, for defendant.

CHUDOFF, J., January 6, 1960.—Robert McClary, 15 years of age, has been indicted for the crimes of murder, voluntary manslaughter and involuntary manslaughter, as a result of his alleged stabbing of one Earl Portson, also 15 years of age; said stabbing having occurred on January 30, 1959. The knife which inflicted the fatal wound was one approximately 11 inches in length overall, with a blade approximately six inches long.

On February 2, 1959, a hearing was held before Hoffman, J., sitting in the Juvenile Division of the Municipal Court of Philadelphia. After hearing the testimony of the events leading to the death of Portson, the court held defendant without bail to await further action by the grand jury and certified the case to the office of the district attorney for disposition.

Accordingly defendant was indicted by the grand jury, February sessions, 1959, in bill no. 1227 charging him with murder, and bill no. 1228 charging him with voluntary manslaughter and involuntary manslaughter, and the case was listed for trial in the court of quarter sessions and oyer and terminer, to be tried sometime in the month of December 1959.

On December 1, 1959, this court granted defendant's rule to show cause why the instant matter should not be transferred from the court of quarter sessions and oyer and terminer to the Juvenile Court of the Municipal Court of Philadelphia. The rule was made re-

turnable on December 4, 1959, at which time the court heard oral argument on the petition and the answer filed by the Commonwealth.

Defendant contends first, that the court sitting as a committing magistrate in the juvenile division of the municipal court did not properly exercise its discretion when it certified the matter to the office of the district attorney, and second, notwithstanding the fact that defendant has been indicted for murder and the matter listed for trial in the court of quarter sessions, this court has the absolute right to return the case to the juvenile division of the municipal court for final disposition.

Before specifically considering the merits of these two contentions, it is the court's opinion that the petition and rule is not properly before us and further, that the court does not have jurisdiction to entertain the petition in view of the fact that defendant did not comply with the procedural requirements of the Juvenile Court Act after the matter was certified to the office of the district attorney.

Section 15 of the Juvenile Court Act of June 2, 1933, P. L. 1433, 11 PS §257, provides as follows:

"Within twenty-one (21) days after the final order of any judge of the juvenile court, committing or placing any dependent, neglected or delinquent child, such child shall, as a matter of right, by his or her parent or parents or next friend, have the right to present to the court a petition to have his or her case or cases reviewed and reheard, if, in the opinion of such parent, parents, or next friend, an error of fact or of law, or of both, has been made in such proceedings or final order, or if the said order has been improvidently or inadvertently made.

"Upon the presentation of such petition, the court shall grant such review and rehearing as a matter of right. The testimony at such reviews and rehear-

ing shall be taken down and transcribed by an official court stenographer, which testimony shall be duly made a part of the record in such case. From the final order of such court, in proceedings for such rehearings and reviews, appeals shall lie as a matter of right to the Superior Court, upon the same terms and with the same regulations as are provided by law with respect to appeals from any decree of the orphans' court. In hearing such appeals, the Supreme Court shall consider the testimony as a part of the record."

Since defendant alleges that the action of the juvenile court in this instance involved an act of discretion in certifying the case to the district attorney's office, it is clear that if defendant were dissatisfied with the decision of the juvenile court, he could have and should have followed the statutory remedy provided. Our appellate courts have uniformly held that the action of a juvenile court is always subject to appellate review and correction for errors of law or abuse of discretion, and further, that such an appeal from a final order of a juvenile court to the Superior Court from an order dealing with a delinquent child is a matter of right: Holmes Appeal, 175 Pa. Superior Ct. 137, 103 A. 2d 454 (1954), affirmed 379 Pa. 599, 109 A. 2d 523, certiorari denied 348 U. S. 973, 99 L. Ed. 757, 75 S. Ct. 535; Ciammaichella Appeal, 169 Pa. Superior Ct. 240, 82 A. 2d 560 (1951), affirmed 369 Pa. 278, 85 A. 2d 406; Weintraub Appeal, 166 Pa. Superior Ct. 342, 71 A. 2d 823 (1950).

Consequently, in this case, defendant not having taken advantage of the rights granted him under the statute cited, he cannot now raise in this petition questions involving alleged abuses of discretion by the juvenile court, and other errors of law. These questions should have been raised by way of appeal. For this reason alone, the court is of the opinion that

the petition and rule be discharged. Assuming arguendo, however, that the matter were properly before us, we still feel that defendant's contentions are without merit.

Dealing first with the propriety of the juvenile court's certification of this matter to the district attorney's office, section 18 of the Juvenile Court Act, 11 PS §260, provides:

"Whenever any child, being above the age of fourteen years, has been held by any magistrate, alderman or justice of the peace for any offense, *other than murder*, punishable by imprisonment in a State penitentiary, the judge of the juvenile court having jurisdiction, if, in his opinion, the interests of the State require a prosecution of such case on an indictment, may certify the same to the district attorney of the county, who shall thereupon proceed with the case in the same manner as though the jurisdiction of the juvenile court had never attached." (Italics supplied).

Our Superior Court has had the opportunity of interpreting the aforementioned section in Commonwealth v. Krynicky, 158 Pa. Superior Ct. 633 (1946). The court there held that the juvenile has no right to a juvenile court hearing instead of a criminal prosecution. The case went on to say that if the juvenile court certifies the case to the district attorney for trial in quarter sessions, the juvenile has no ground for complaint.

In Trignani's Case, 150 Pa. Superior Ct. 491, 28 A. 2d 702, at page 493, the Superior Court, speaking through Hirt, J., stated:

"The Juvenile Court Act ( June 2, 1933, P. L. 1433, with its amendments, 11 PS 243) does not deprive the courts of quarter sessions and oyer and terminer of jurisdiction to try a delinquent child upon an indictment, cf. Com. v. Fisher, 213 Pa. 48, 54, 62 A. 198.

But the juvenile court is given exclusive jurisdiction, in the first instance, in cases affecting delinquent children under 18 years of age. Section 2, 11 PS 244. There are a number of ways by which a child may be brought into the juvenile court; by petition, by commitment by a magistrate without preliminary hearing, (Amendment of June 15, 1939, P. L. 394, §1, 11 PS 246) or by transfer from the criminal courts, which is mandatory, where the child is under 16, ibid., 11 PS 256. In all cases, in the exercise of its exclusive jurisdiction, it is for the juvenile court to determine, after hearing, 'whether the best interests and welfare of a child and the State require the care, guidance and control of such child'. ibid. 11 PS 250. If a delinquent is found to be a proper subject for reformation the child remains within the jurisdiction of the juvenile court to be dealt with by it. If the contrary appears and the 'interests of the State require a prosecution of such case on an indictment, [the juvenile court] may certify the same to the district attorney of the county, who shall thereupon proceed with the case in the same manner as though the jurisdiction of the juvenile court had never attached.' Act of 1933, supra, §18, 11 PS 250."

In the instant case, defendant was brought into juvenile court charged with the commission of the crime of murder. From the evidence adduced at the hearing before the juvenile court judge sitting as a committing magistrate, and viewing the evidence in the light most favorable to the Commonwealth as we must at this stage of the case, clearly a prima facie case of murder was established.

Moreover, defendant having now passed his fourteenth birthday, he would have to be tried in a court of oyer and terminer, for the Juvenile Court Act, 11 PS §243 et seq., does not give the juvenile court juris-

diction over murder cases: In re Clifford, 55 D. & C. 238 (1945). The common law rules concerning the responsibility of children for criminal acts are followed in the United States except where varied by statute. They are the law in Pennsylvania: Commonwealth v. Cavalier, 284 Pa. 311, 324 (1925).

Bishop on Criminal Law is quoted with approval in the above case by our Supreme Court as follows:

". . . at the common law, a child under seven years is conclusively presumed incapable of crime . . . Between seven and fourteen, the law also deems the child incapable, but only prima facie so; and evidence may be received to show a criminal capacity . . . Over fourteen, infants, like all other persons, are prima facie capable; and he who would set up their incapacity must prove it": 1 Bishop on Criminal Law, 9th ed. §368, p. 260.

Regardless of this court's opinion of defendant's guilt or innocence, the juvenile court is not the proper tribunal to try the case of a boy above the age of 14 years whose alleged offense amounts to murder. The court thus concludes that under section 18 of the Juvenile Court Act, that court has no alternative but to certify the matter to the office of the district attorney where a prima facie case of murder has been established against a child above 14 years of age.

Coming to the second argument, to wit, that this court has the power to transfer the case to the juvenile court, it is our opinion that such a course of action at this stage would constitute fundamental error.

Section 14 of the Juvenile Court Act of 1933, as amended by the Act of June 15, 1939, P. L. 394, 11 PS §256, provides:

"If, during the pendency of a criminal charge, *other than murder*, against any person in the court of quar-

ter sessions or oyer and terminer, it shall be ascertained that the person charged with the offense was under the age of sixteen years at the time the alleged offense was committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court. If such child is sixteen years of age or over and less than eighteen years of age, such court may, at its discretion, transfer such cases to the juvenile court in the same manner. The judge making such transfer shall order the child to be taken forthwith to the place of detention provided for dependent, neglected and delinquent children or release such child in the custody of some suitable person or probation officer with directions to appear before the juvenile court at a time to be fixed, at which time the judge of the juvenile court shall thereupon proceed to hear and dispose of the case in the manner provided by this act." (Italics supplied).

All homicide, or the killing of a human being, is not necessarily murder within the technical meaning of that term; however, this court feels that the "murder" referred to in the Juvenile Court Act as being a crime excepted from the jurisdiction of the juvenile court is a formal murder charge based upon indictment. See In re Edwards, 54 D. & C. 601 (1945).

Defendant argues that the case of Mont Appeal, 175 Pa. Superior Ct. 150, supports his position that the juvenile court is the proper court to hear this case notwithstanding that defendant has been indicted for murder. The court disagrees. The Mont case held that the juvenile court has no authority or jurisdiction to conduct a criminal trial of a child on a murder indictment, but an act of unlawful homicide may under proper circumstances constitute the basis for the jurisdiction of the juvenile court to adjudicate the child as

a delinquent, and order his commitment to a reformatory. However, in the Mont case the indictment for murder which had been found against defendant had been subsequently nol prossed by the district attorney. The court in commenting on this fact said, page 155:

"Judge Propper having originally held the child for the grand jury upon a formal charge of murder, and a nol pros having been entered on the murder indictment, there was no such conclusive disposition of the case in the criminal court as would preclude on remission further proceeding in the Juvenile Court."

The pivotal point, as this court views it in Mont Appeal, was the entry of the nol pros on the murder bill. Once the element of murder is no longer present then the court of quarter sessions is compelled under section 14 of the Juvenile Court Act, supra, to transfer the case immediately to the juvenile court, and that court in accordance with the Mont decision would be obliged to assume jurisdiction over the case; however, here the Commonwealth has chosen not to enter a nol pros but rather to proceed on the murder bill, and again in accordance with Mont Appeal, at page 154, "under general principles and under the express provisions of the law, the juvenile court has no authority or jurisdiction to conduct a criminal trial of a child on a murder indictment."

The juvenile court therefore properly divested itself of jurisdiction and certified the case to the district attorney for trial in the court of quarter sessions, and this court is without power to transfer the matter to the juvenile court for trial.

And now, January 6, 1960, rule to show cause why this matter should not be transferred from the courts of quarter session and oyer and terminer to the Juvenile Court of the Municipal Court of Philadelphia is discharged.