## Commonwealth v. Purtell

*William W. Vogel* of *Wisler, Pearlstine, Talone & Gerber,* for appellant.

*Gilbert R. Lewis,* for Commonwealth.

FORREST, P. J., January 20, 1965.—This matter comes before the court on an appeal to the court of quarter sessions from a decision of a justice of the peace convicting appellant, John J. Purtell, of a violation of section 675.1 of the Penal Code of August 14, 1963, P. L. 1098, 18 PS §4675.1. This statute prohibits the purchase, consumption, possession or transportation of intoxicating liquors or malt or brewed beverages by minors.

The facts leading to appellant's conviction are as follows: On March 6, 1964, appellant was arrested by Lower Merion Township Police, and on March 9, 1964, was brought before Seymour L. Green, Justice of the Peace of Lower Merion Township, for a violation of said section. On May 2, 1964, a hearing was held at which time appellant was found guilty and fined $25, plus costs, or in default thereof to be imprisoned in Montgomery County Prison for a term of 10 days.

Appellant, John J. Purtell, is a minor, 16 years of age, having been born on June 2, 1947. Appellant, by his counsel, raises the question of the jurisdiction of the justice of the peace in view of the Act of June 2, 1933, P.L. 1433, sec. 2, 11 PS §244, which vests exclusive jurisdiction of all proceedings affecting delinquent children under the age of 18 years in the juvenile court.

The Act of August 14, 1963, sec. 675.1, of the Penal Code, provides that "it shall be unlawful for a person less than twenty-one (21) years of age to attempt to purchase, consume, possess or transport any alcohol, liquor or malt or brewed beverages within the Commonwealth. Any person violating the provisions of [that] section shall, upon conviction in a summary

proceeding, be sentenced to pay a fine of not less than twenty-five ($25.00) dollars nor more than one hundred ($100.00) dollars and costs of prosecution, or undergo imprisonment for a term not exceeding thirty (30) days or both". (Italics supplied.)

The justice of the peace in the instant case rendered the following decision: "After considering all the testimony, it is the finding of this Court that the defendant is guilty of violation of Section 675.1 of The Penal Code as charged, and he is hereby sentenced to pay a fine of $25.00 and costs of $9.00, or *in default thereof, to be imprisoned in the Montgomery County Prison for a term of ten (10) days*". (Italics supplied.)

It is the opinion of this court that the aforesaid sentence is incorrect, with regard to that portion, above italicized, which directs that in default of payment of the fine, that the defendant be imprisoned in the Montgomery County Prison. The Act of June 2, 1933, P. L. 1433, sec. 2 (11 PS §244), is the basis of contemporary juvenile court law. Under this statute the juvenile court has *full and exclusive jurisdiction* in all proceedings affecting delinquent children under the age of 18 years: Trignani's Case, 150 Pa. Superior Ct. 491 (1942). Under this act, as amended by the Act of June 15, 1939, P. L. 394, sec. 1, the word "child" as used in the act means a minor under the age of 18 years. The Juvenile Court Law also provides (11 PS §250) that no delinquent child shall hereafter be committed to any industrial or correctional school or institution whatsoever by a magistrate, alderman or justice of the peace.

The legislature in enacting the Juvenile Court Act intended that the juvenile court would have complete jurisdiction over minors under the age of 18. This is exemplified by its preamble: "... *that children should be guarded from association and contact with crime and criminals*, and the ordinary process of the crim-

inal law does not provide for such care, guidance and control as are essential to children in the formative period of life; and . . .

". . . Experience has shown that children, lacking proper parental care or guardianship, are led into courses of life which may render them liable to the penalties of the criminal law, and that the *real interests of such children require that they be not incarcerated in jails or penitentiaries, as members of the criminal class, but be subjected to wise care, guidance and control* so that evil tendencies may be checked and better instincts be strengthened; and . . .": Act of June 2, 1933, P. L. 1433 preamble. (Italics supplied.)

Certainly, section 675.1 of the Penal Code should be read and construed in conjunction with the foregoing provisions and safeguards of the Juvenile Court Act. A careful reading of section 675.1 in conjunction with the Juvenile Court Act indicates that the legislature did not intend that juveniles, within the scope of the Juvenile Court Act, should be committed to prison upon default in payment of a fine. On the contrary, a practical interpretation of this section indicates that upon nonpayment of a fine, under section 675.1 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4675.1, the "minor" should be certified over to the juvenile court. Therefore, any minor convicted under section 675.1, supra, upon nonpayment of the fine thereon, should be certified over to the juvenile court and committed to the custody of the juvenile probation officer.

ORDER

And now, January 20, 1965, the appeal is sustained insofar as the order of the justice of the peace directs that upon nonpayment of the fine, that appellant be imprisoned in the Montgomery prison, and said order should be amended in accordance with this opinion.