# Batzle, Appellant, v. Trumbower.

*Husband and wife—Agreement of separation.*

A husband and wife agreed in writing to live separate and apart during the balance of their natural lives, the consideration of the agreement being the differences which existed between them " and in further consideration of certain household property of said party of the first part of the value of $300 now formally and actually delivered to said party of the second part." Subsequently the wife sued the husband for $300, but she made no allegation in her statement that any demand had been made by her for the goods. Judgment was entered for want of an affidavit of defense. On a rule to open the judgment, defendant testified that shortly after the suit was begun plaintiff met him on the street and assured him that the case would go no further, and that relying upon this assurance he paid no further attention to the action. The wife did not expressly deny this conversation, and testified that as a result of the meeting she and her husband resumed marital relations, but only continued them for two weeks. She also testified that the consideration for her promise to discontinue the suit was the agreement on the part of her husband to resume marital relations. *Held,* that the court committed no error in opening the judgment.

Argued Feb. 11, 1903. Appeal, No. 18, Feb. T., 1903, by plaintiffs, from order of C. P. Lycoming Co., March T., 1902, No. 33, making absolute a rule to open a judgment in case of

488      BATZLE, Appellant, *v.* TRUMBOWER.

Statement of Facts—Opinion of the Court.   [22 Pa. Superior Ct.

Emil Batzle, Trustee, and Minnie M. Trumbower, cestui que trust, *v.* Allen C. Trumbower.   Before BEAVER, ORLADY, SMITH, W. D. PORTER and MORRISON, JJ.   Affirmed.

Rule to open judgment.
The facts appear by the opinion of the court.

*Error assigned* was the order of the Superior Court.

*William Ellis Haines* and *Clarence L. Peaslee*, for appellants.

*John J. Reardon*, for appellee.

PER CURIAM, March 12, 1903 :

The summons in this case was served December 12, 1901, and judgment entered December 28, 1901, for want of an affidavit of defense, no appearance having been entered by the defendant.   The plaintiff's claim, as set forth in the statement, is based upon an agreement in and by which the use plaintiff and the defendant, who were husband and wife, agreed to live separate and apart during the balance of their natural lives, the consideration of the agreement being the differences which existed between them "and in further consideration of certain household property of said party of the first part of the value of three hundred dollars, now formally and actually delivered to said party of the second part."

The judgment was for $300.   There is no allegation in the statement that there was any demand for the goods and, inasmuch as the agreement does not provide for the payment of money, the liability to pay in money would only have arisen when a demand for the goods had been refused.   There is no denial in the statement of the truth of the fact recited in the agreement that the goods were "now formally and actually delivered to the said party of the second part."   There is simply the general denial that · "the defendant, though frequently requested, has never paid the consideration money of $300, mentioned in said agreement, either in goods or money, or any part thereof."   As will be seen from the quotation from the agreement, however, there was no promise to pay $300.   The consideration was certain household property of the said party of the first part of the value of $300.

The statement can hardly be considered one which entitled the plaintiff to a judgment in money but, without this, we think the court exercised its discretion, both judicially and judiciously, in opening the judgment. The defendant presents a case which entitled him to have the judgment opened. He testifies to his being misled by the declarations of the plaintiff who was the party to be beneficially interested by the judgment. She does not make specific denial of the conversation which the defendant details but alleges that, in pursuance of their conversation, she and her husband resumed their marital relations, which was part of the agreement, as she recounts it, for the discontinuance of the suit; and certainly, with these marital relations restored, she was not entitled to anything under the agreement, at least so long as those relations continued.

The admitted facts, corroborative of the defendant's testimony, were, in our judgment, sufficient to warrant the exercise of the court's discretion in opening the judgment. The order of the court making absolute the rule to open the judgment is, therefore, affirmed.