## Atlas Aluminum Corporation, Appellant, *v.* Methods Research Products Company.

Argued January 7, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William C. Beatty*, with him *Joel Friedman, Abraham E. Freedman, Arnold Levin*, and *Freedman, Borowsky & Lorry*, for appellant.

*Harry J. Bradley*, with him *John S. J. Brooks*, and *Brooks, Oliver, Macartney & Holl*, for appellee.

OPINION PER CURIAM, March 22, 1966:

This is an appeal from the order of the lower court opening judgment and allowing defendant to enter the defense of statute of limitations.

On April 7, 1965, plaintiff filed its complaint in assumpsit alleging breach of warranty by defendant. On May 12, 1965 the complaint was reinstated, and on

June 11, 1965, a copy, endorsed with notice to plead within twenty days, was served upon defendant. On July 2, 1965, the twenty-first day after service, at 9:04 a.m., plaintiff filed praecipe for default judgment for failure to file an answer, and judgment was entered by the prothonotary. On the same day at 2:36 p.m. defendant's attorney entered his appearance. Thereafter, counsel for both parties entered into unsuccessful negotiations to stipulate to the opening of the default judgment. On September 14, 1965, defendant finally filed a petition to open judgment, alleging that its failure to file a timely answer was due to the mistaken belief that it was proceeding in a timely manner. On September 24, 1965, after argument, judgment was opened, and on September 28, 1965 defendant filed an answer and new matter raising the affirmative defense of statute of limitations.

A petition to open judgment is addressed to the sound discretion of the court, is an appeal to the court's equitable powers, and is determined by the application of equitable principles. In order to prevail, petitioner must act promptly, aver a meritorious defense, and plead a sufficient excuse for the default. *Ehnes v. Wagner,* 388 Pa. 102, 130 A. 2d 171 (1957).

The court below found that the petition to open judgment was filed promptly even though it was filed more than seventy days after the date of default and more than forty days after negotiations for a stipulation to open judgment had ceased; that the defense of statute of limitations was meritorious and was properly raised even though pleaded for the first time in defendant's answer and new matter; and that defendant's excuse for its default was acceptable.

It is apparent that the failure to file the petition expeditiously makes this case difficult to resolve. Certainly we cannot condone the tactics of defendant's counsel; nor can we, as we must in order to reverse,

determine that the court below was guilty of a manifest abuse of discretion in opening the judgment. Accordingly, we shall affirm the order of the court below and permit the defendant to raise the defense of statute of limitations.

Order affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS dissent.