Balk et al., Appellants, *v.* Ford Motor Company.

138

Argued April 27, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*John Paul Curran,* for appellant.

*Stephen J. McEwen, Jr.,* with him *Joseph P. Mylotte,* and *McEwen, McEwen and Mylotte,* for appellee.

OPINION BY MR. JUSTICE POMEROY, December 20, 1971:

This is an appeal by James B. Balk, one of the two plaintiffs, from an order opening a default judgment against appellee Ed Morrow Ford, Inc., trading as

Robin Ford, and decreeing a new trial because of excessiveness of the verdict.

The relevant facts are as follows: Plaintiff was injured on September 14, 1966 when the Ford automobile he was driving, owned by his father, Joseph M. Balk, went out of control on the Pennsylvania Turnpike. The resulting accident was allegedly due to a defect in the steering mechanism. On August 30, 1968 suit was instituted by complaint against Ford Motor Company, as manufacturer, and Robin Ford, as dealer-seller, alleging that the personal injuries sustained by appellant, James Balk, and the property damage sustained by his father (the other plaintiff) were caused by both defendants or either of them in installing, and failing to discover, the defective steering mechanism, and in failing to warn plaintiffs of the existence thereof. On December 21, 1968, service of a reinstated complaint was made on both defendants. Neither defendant appeared and a default judgment was taken against both on January 27, 1969. No notice was given of the entry of this judgment. Trial for assessment of damages was listed for October 27, 1969. Pursuant to Delaware County Court Rule 277(2), requiring five days written notice of such a hearing, notice was sent by registered mail to appellee on October 21, 1969. The caption on this notice stated only "Re: Balk v. Ford Motor Co.", and in no way referred to any action involving Robin Ford. Robin Ford did not appear and an ex parte hearing was held, at which time a jury assessed damages of $75,000 against the defendant appellee alone.[1]

After learning of the foregoing proceedings, appellee filed the petition in question on November 3, 1969. From the court's order opening the judgment as to

---

[1] Ford Motor Company did appear by its counsel, and by stipulation the default judgment against this defendant was opened because of improper service of process upon it.

Robin Ford and granting a new trial, James Balk has appealed to this Court.[2]

As we have had occasion to reiterate several times recently, a petition to open a judgment is a matter of judicial discretion, is an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown;[3] (3) the failure to appear can be excused. A lower court's ruling opening or refusing to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. *Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970); *Atlas Aluminum Corporation v. Methods Research Products Co.*, 420 Pa. 407, 218 A. 2d 244 (1966); *Walters v. Harleysville Mutual Casualty Co.*, 417 Pa. 438, 207 A. 2d 852 (1965).

(1) The requirement that the moving party act promptly has been met here. So far as appears, Robin Ford was totally unaware of the judgment against it

---

[2] The order was entered May 29, 1970, prior to the passage of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, 17 P.S. 211.202.

[3] The rule has always been that where the equities are otherwise clear, in a trespass action as opposed to one in assumpsit, a good defense need not be posited in order to open a default judgment. *Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971); *Kuntz v. Lanbar Hotel Co., Inc.*, 380 Pa. 90, 110 A. 2d 249 (1955); *Scott v. McEwing*, 337 Pa. 273, 10 A. 2d 436 (1940). The difference is attributable to differing pleading practices. In assumpsit the case is not in issue until an "affidavit of defense" (answer) is filed, whereas in trespass no affidavit of defense is required. *Scott, supra* (subject to the exceptions contained in Pa. R. C. P. 1045, which derives from §13 of the Practice Act of 1915).

Thus while a good defense would normally not be required in a trespass action, where present it can at least qualify as an equitable consideration favoring the opening of judgment. In fact, when the other equities are not clear, the rule seems to demand a defense.

until receipt of the letter of October 21, 1969, inform-ing Robin Ford of the assessment hearing. This no-tice, however, referred only to the matter of "Balk v. Ford Motor Company". Under these circumstances, we cannot say that by waiting to open judgment until No-vember 3, 1969, after it had learned that damages had been assessed against it, Robin Ford did not act prompt-ly. Although its action came nine months after the entry of the default judgment, the trial court sitting as a court in equity was more strongly influenced, and we think properly, by the date when defendant actually learned of the situation rather than the date it could have learned of it through the constructive notice given by recording a judgment. Two cases cited by appellant where the opening of judgments was denied sixteen and ten months after having been entered are inapposite. *Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A. 2d 505 (1967); *Baraonfski v. Malone*, 371 Pa. 479, 91 A. 2d 908 (1952). Both are marked by a deliberateness of delaying tactics on the part of the defendant which is not present here.

(2) There can be little disagreement that a meri-torious defense has been posited here. Appellee as-serted in his petition to open, and neither plaintiff de-nied, that appellee is not the seller of the allegedly de-fective automobile. If this be true, the bottom drops out of appellant's case: no duty whatever was owing by Robin Ford as seller to either Balk the father as purchaser or Balk the son as user of the car; if allowed to enter this defense, appellee presumably will be quick-ly successful in the suit.

(3) The third factor to be considered before open-ing a default judgment is whether the moving party can reasonably excuse or justify his failure to appear or answer. The record establishes that Robin Ford re-ceived service of the reinstated complaint on December

21, 1968, that it forwarded it to its counsel twelve days later, that on the same day counsel forwarded it by registered mail to Liberty Mutual Insurance Company, Robin Ford's insurer, which received it on Monday, January 6, 1969. From that point on until the entry of the jury verdict, there is no trace of the complaint and no action taken on behalf of appellee with respect to the suit. The insurance company's supervisor testified on deposition that mail relative to the company's claims business was always heavier on Mondays than during the rest of the week, and particularly heavy on this particular Monday, following as it did the New Year's holiday period.[4]

The critical question, therefore, is whether an error of this sort by an insurance carrier, viz., losing a customer's court papers, constitutes sufficient legal justification to open a default judgment against the insured. This Court has held that it does. *Scott v. McEwing,* 337 Pa. 273, 10 A. 2d 436 (1940) (suit papers mislaid by the insurance carrier); *Myers v. Harrisburg Taxicab and Baggage Co., Inc.,* 368 Pa. 20, 82 A. 2d 14 (1951) (insurance company vainly searching for lawyer who had been elected judge); *Fox v. Mellon, supra* (claims office manager erroneously assumed that he had ample time to enter an appearance). But see *Colacioppo v. Holcombe,* 166 Pa. Superior Ct. 186, 70 A. 2d 452 (1950); *Murphy v. Smith,* 44 Wash. County 90, affirmed *per curiam,* 415 Pa. 512, 204 A. 2d 275 (1964), which, however, appear to be marked by a deliberateness of misconduct on the part of the insurance company which is not present here.

---

[4] It was estimated that 55,000 claims were handled at the regional office of Liberty Mutual in 1968, including 837 separate lawsuits. On a normal Monday, approximately 1740 pieces of mail were received, and on January 6, 1969, the number would have been substantially greater.

Appellant's final contention is that a court should utilize its equitable powers and refuse to open a default judgment where there has been detrimental reliance by the plaintiff on the failing of the defendant to appear and answer. We agree with the court below that appellant was in no way prejudiced by Robin Ford's failure to respond. The reinstated complaint was not served until more than two years after the accident. Thus, even had appellee appeared and answered within twenty days, the statute of limitations had already run with regard to a new suit against the actual seller. By the same token, plaintiff at that time had no right to amend the complaint to charge Robin Ford as repairer of the car (appellant's answer to the petition to open suggests that Robin Ford serviced the car even if it did not sell it) because such an amendment would involve the introduction of a new cause of action after the expiration of the Statute of Limitations. *Saracina v. Cotoia*, 417 Pa. 80, 208 A. 2d 764 (1965); *Shenandoah Borough v. Philadelphia*, 367 Pa. 180, 79 A. 2d 433 (1951).

Considering together the factors discussed above—the unassailability of appellee's defense, his promptness in moving to open, the support in our prior cases for excusing plausible insurance company errors coupled with the lack of any prejudicial reliance by appellant—we are unprepared to say that the trial court abused its discretion in striking the judgment below.

By our decision today we do not intend to reward an insurance company for admittedly negligent conduct. When the burdens of making a profit become too heavy, as they apparently did here, strong arguments favor holding an enterprise accountable as a cost of its doing business. At the same time, however, countervailing equitable principles are involved when the

opening of a judgment is sought.[5] In the instant case, the lower court found that the forces in opposition were the stronger and accordingly opened the judgment. As indicated above, we cannot say that this was an abuse of discretion; there is no claim that an error of law was committed.

Order affirmed.

Mr. Justice O'BRIEN concurs in the result.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in part and dissent in part.

---

[5] From the record, we are not certain that the insurance company even had any responsibility to Robin Ford with respect to defending a suit involving an automobile not admittedly sold by Robin Ford. Moreover, the suit was initially brought against appellee in its fictitious name "Robin Ford", as opposed to its corporate name "Ed Morrow Ford, Inc." Although permissible (see Pa. R. C. P. 2177) it is entirely possible that the insurance company was accidentally misled by this method of proceeding.