## Kroiz v. Interpleaded Fund

*Irwin S. Lasky* and *Richard J. Gordon,* for plaintiff.
*Edward K. Nichols,* for garnishee.

SLOANE, J., April 6, 1972.—On October 4, 1971, a petition for interpleader was granted to Philadelphia Housing Development Corporation with respect to a sum of $10,917.40.

On January 24, 1972, over three months later, the Internal Revenue Service and Girard Lumber and Millwork Co., Inc., two of the original claimants, were made to suffer nolle prosequi for failure to file a complaint within the required time period, 20 days.

I held a pretrial conference and, upon a compromise agreement reached by all appearing claimants, an order of distribution accordingly was entered. I was told that two claimants, the United States (herein government) and Millwork Co., Inc., were not interested in the fund or its distribution. But later the government, through the Department of Justice, filed a petition to intervene and a petition to open the judgment of nolle prosequi as an interested and

concerned party. I then ordered a stay of distribution pending the outcome of the government's petitions.

The government did not receive service of the interpleader through either the United States Attorney for the Eastern District of Pennsylvania, or the Office of the United States Attorney General. Service and notice to plead was made solely on the Regional Director of the Internal Revenue Service for the Eastern District of Pennsylvania. An official of the Internal Revenue Service has no proprietary interest in disputed Federal tax liens. Federal tax liens are exclusively the property of the government (Cooper Agency, Inc. v. McLeod, 235 F. S. 276, E.D. South Carolina), and as holder of the proprietary interest, the government was entitled to service of the interpleader.

Moreover, all parties had actual knowledge of the interest of the government in the interpleaded fund. This is indicated by the defense to lack of service; the fact that some parties had telephone conversations concerning these proceedings with attorneys representing the government. Obviously, it would have been easy, during these conversations, to give the government warning or notice that unless the government filed a complaint in interpleader the government would suffer nolle prosequi. The nolle prosequi was, in fact, taken with no warning or notice to the government, the only warning or notice being the original service of the notice of interpleader on the Internal Revenue.

At the hearing on the petition to open the judgment of nolle prosequi, it was made clear that all parties knew the government's position, that it was the proper party to the action and that, as such, it was preparing a complaint in interpleader. One reason for delay in the filing of this complaint was the fact that

the government was not served or brought into the interpleader action even though it had a proprietary interest in the tax lien.

Here, the government asks to intervene within two weeks of learning that the Internal Revenue Service suffered nolle prosequi. There has been no distribution of the fund itself.

"A lower court's ruling opening or refusing to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion." (Citing cases.) "As we have had occasion to reiterate several times recently, a petition to open a judgment is a matter of judicial discretion, is an appeal to the court's equitable powers, and is to be exercised only when three factors coalesce: (1) The petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear can be excused": Balk et al. v. Ford Motor Co., 446 Pa. 137, 140.

I must say that the method used in acquiring the nolle prosequi creates an impression similar to what our Supreme Court called a "studied attempt" to obtain a default judgment in Fox v. Mellon, 438 Pa. 364, 367. In that case, it was held that the lower court abused its discretion in refusing to open the judgment. Here, we exercise our discretion in allowing the government's petitions to intervene and open the judgment of nolle prosequi.

## ORDER

And now, April 6, 1972, upon hearing and consideration, it is now ordered as follows:

1. The petition of the government to intervene is granted.

(a) The judgment of nolle prosequi entered on January 24, 1972 is removed.

188

(b) The government has two weeks from the date of the receipt of this order to join this action by filing a complaint in interpleader.

2. The order of distribution issued by this court on February 7, 1972, is vacated.