Opinion by
Jacobs, J.,
Defendant appeals from the order of the court below, discharging its rule to open a default judgment entered for failure to file an answer to plaintiffs’ complaint. The determinative question in this case is whether the defendant established a sufficient excuse for the default. The lower court found defendant’s excuse insufficient, and we cannot reverse this finding unless it represents a clear, manifest abuse of discretion. Walters v. Harleysville Mut. Cas. Co., 417 Pa. 438, 207 A.2d 852 (1965). Such an abuse of discretion has not been shown in this case.
The asserted excuse for counsel’s failure to meet the filing deadline is that counsel was busy with other litigation and confused the deadline date with that of another case. The lower court found this excuse inadequate in view of the surrounding circumstances. Those circumstances included the following: Counsel was found to have had no adequate system for reminding himself of impending deadlines. In fact, it was only *325 by chance that the deadline in the present case was discovered less than 1/2 hour before its expiration.[1] Counsel had received prior warning about missing deadlines when plaintiffs challenged the tardy filing of an answer to their request for admissions, on the ground that it was filed 232 days late. The challenge, however, was unsuccessful and the proceedings continued at a slow pace. Additional time was consumed with preliminary objections which were finally disposed of on March 19,1971. Counsel for both parties thereafter agreed in writing to extend the time in which defendant could file an answer to plaintiffs’ complaint. The extension was to expire on May 19, 1971, affording defendant 61 days in which to file the answer, instead of the normal 20 days. The attorney for the plaintiffs agreed to the extension reluctantly, taking the responsibility upon himself, as his clients were not anxious to further indulge the defendant. Nevertheless, the attorney for the defendant spent very little time during the extension period on the preparation of the answer; nor, during the entire 184-day period between the filing of the complaint and the entry of the default judgment, did the attorney have any discussions with his client with regard to answering the complaint. And, in the end, the answer was not timely filed. In view of these circumstances we do not believe that the lower court’s refusal to open the judgment constituted an abuse of discretion.
The defendant argues that it should not be held responsible for its counsel’s mistake. However, in our opinion the failure of counsel to file on time was not the result of mistake or oversight but simply procras *326 tination. In Walters v. Harleysville Mutual Casualty Co., supra, the dilatory conduct of the attorney was more severe than in the present case, but, like the attorney in the present case, he raised as an excuse for his tardiness that he was too busy with other matters and the Court, finding this excuse insufficient, refused to open the default judgment, thereby precluding the clients’ rights because of the attorney’s procrastination. See also Weiner v. Cassin Motors, Inc., 174 Pa. Superior Ct. 235, 101 A.2d 431 (1953); Colacioppo v. Holcombe, 166 Pa. Superior Ct. 186, 70 A.2d 452 (1950).
The lower court in the present case could have opened the judgment, but was not compelled to do so. Since its decision not to open the judgment was authorized by law and supported by the facts, we are unable to find an abuse of discretion on the court’s part. Accordingly, the lower court’s order must be affirmed.
Order affirmed.

 At the time counsel discovered the impending deadline it was too late for him to timely file his pleading and he was unable to contact the plaintiffs’ attorney prior to the expiration of the deadline.