Matyas, Appellant, *v.* Albert Einstein Medical Center.

Argued June 13, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Robert A. Ebenstein,* with him *Fine, Staud, Grossman & Garfinkle,* for appellant.

*Charles Jay Bogdanoff,* with him *William L. Kinsley,* and *Albert C. Gekoski,* for appellees.

OPINION BY CERCONE, J., September 19, 1973:

This is an appeal from the order of the Court of Common Pleas of Philadelphia denying plaintiff's petition to open a judgment of non pros. From September 22, 1964, to November 11, 1964, plaintiff was a patient in the defendant's hospital, the Albert Einstein Medical Center. On August 9, 1966, plaintiff initiated a malpractice suit alleging that during his stay in the hospital defendant negligently caused injuries to his leg. The hospital then joined plaintiff's doctor, Dr. David Tuckman, as an additional defendant, who then filed interrogatories directed to plaintiff with notice to answer within 20 days. Plaintiff failed to answer

these interrogatories and on July 17, 1967, the lower court entered an order directing plaintiff to answer these interrogatories within 30 days and if "plaintiff fails to comply with this order, the prothonotary is to enter judgment of non pros. *against the plaintiff* upon the filing of a praecipe by the additional defendant." (Emphasis supplied).

After the 30 day period elapsed additional defendant took judgment of non pros. against the plaintiff on a praecipe filed pursuant to the court order. The plaintiff's attorney then contacted the attorneys for the additional defendant requesting that they file a modified praecipe which would change the judgment of non pros. against the plaintiff to a more limited judgment of non pros. against the plaintiff in favor of the additional defendant only.[1] Although a copy of the proposed praecipe was sent to plaintiff, a praecipe to this effect was never filed with the court by counsel for additional defendant. Now, more than five years later, plaintiff seeks to open this judgment of non pros. on the ground that he mistakenly assumed that counsel for both parties had taken care of this matter.

A petition to open a judgment is an appeal to the equitable side of the court and a disposition of the petition will not be disturbed on appeal unless a mistake of law on a clear abuse of discretion is shown. *Criscuolo v. Moore Farms, Inc.*, 222 Pa. Superior Ct. 323, 294 A. 2d 895 (1972); *Taylor v. Humble Oil and Refining Co.*, 221 Pa. Superior Ct. 394, 292 A. 2d 481 (1972); *Walters v. Harleysville Mutual Cas. Co.*, 417 Pa. 438, 207 A. 2d 852 (1965). It is settled law that judicial discretion opening a judgment of non pros. will be exercised

---

[1] The apparent purpose of this strategy, in view of the blanket order of the lower court terminating the case with respect to both the original and additional defendants, was to revive the action against the original defendant alone.

only when three factors co-exist: (1) the petition must be promptly filed; (2) the failure to go forward with the action, i.e., the default, is satisfactorily excused or explained; (3) that facts constituting grounds for a cause of action be alleged. *Goldstein v. Graduate Hospital*, 441 Pa. 179 (1971); *Thorne v. Clearfield Boro.*, 120 Pa. 564, 218 A. 2d 298 (1966). Plaintiff has failed to meet the first two of these three requirements.

Plaintiff does not reasonably explain the five year delay between entry of the judgment of non pros. and the filing of this petition to open except to say that he assumed that the original judgment of non pros. against him in favor of both defendants had been substituted by an amended judgment of non pros. against him in favor of the additional defendant only. Such reliance was factually and legally unwarranted. Looking to the language of the lower court's order entered on July 17, 1967, it contained the warning that a judgment of non pros. would be entered "against the plaintiff" and did not authorize an order that would limit the judgment in favor of the addtional defendant only. It was clear from the order that it was not the additional defendant alone who was being let out of the case, but that it was the case itself being terminated because of plaintiff's failure to proceed with the action in accordance with the lower court's order. Plaintiff's dilatory conduct, in not learning of the true status of the case, over a five year period, has greatly prejudiced the defendant who has justifiably relied on the judgment recorded in his favor. In fact, the defendant destroyed its file, which circumstance, after a five year period, cannot be considered unreasonable, and is a further reason for rejecting plaintiff's contentions.

As to the second requirement for opening a judgment of non pros., plaintiff has completely failed to show why he did not answer the interrogatories of the

additional defendant which the lower court directed him to do with pain of sanctions if he failed to do so.

More important, under Rule 229(b) Pa. Rules of Civil Procedure, the plaintiff could not request additional defendant to do what he himself could not do. The Rule states: "A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties." Therefore, since neither plaintiff nor additional defendant could properly have initiated a discontinuance as to less than all the defendants, the agreement between them to bring about a discontinuance as to the additional defendant alone is a nullity. *Donaldson v. Cohen and City of Scranton,* 30 Lackawanna Jurist 120 (1928); *McCarrell v. Bear Creek Construction Co.,* 50 Washington County Reports 114 (1969); Standard Penna. Practice Vol. 5 (Revised), Section 51 at page 125 and footnote 18 at page 126.

Accordingly the lower court properly denied plaintiff's petition to open the judgment of non pros.

Order affirmed.