## Kilgallen *v.* Kutna, Appellant.

324

Argued June 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Joseph R. Wenk,* with him *Jonathan M. Stein,* and *B. C. Michael Ihekuna,* for appellant.

*Robert A. Detweiler,* for appellee.

OPINION BY SPAULDING, J., September 19, 1973:

Appellant John Kutna appeals from the order of Judge Ned L. HIRSH of the Court of Common Pleas of Philadelphia, denying his motion to open default judgment taken against him by appellee James Kilgallen. He contends that the order was entered improperly, in derogation of his rights under Rule 209 of the Pennsylvania Rules of Civil Procedure.

On November 4, 1970, appellee Kilgallen instituted an action in trespass against appellant and an additional defendant to recover for damages sustained in a 1970 motor vehicle collision involving three automobiles.[1] Appellant failed to file an answer to appellee's complaint, and judgment by default was entered against him on January 12, 1972. Damages were assessed in the amount of $599.99, and appellant was notified of this in March of 1972.[2]

In January of 1973, after seeking the advice of counsel for the first time in this matter,[3] appellant petitioned the court for a rule to show cause why the judgment should not be opened and a defense permitted to be entered. The original of that petition was sent to appellee's attorney on January 9, with the effective filing of the petition taking place on January 22, pursuant to local rules. In his petition to open judgment, appellant explained his failure to respond to appellee's original complaint and to subsequent correspondence in this matter. He alleged that soon after being served with the complaint, he telephoned counsel for appellee and told him that he would be unable to pay any judgment against him because he was unemployed and in poor health. He further alleged that counsel told him, after hearing this, to "forget the whole thing". Relying upon this assurance, appellant, who claimed that his formal education ended in the sixth grade and that he was unfamiliar with legal procedures, did not respond

---

[1]Plaintiff-appellee claimed that his automobile was struck on the left front by appellant's negligently-driven automobile and in the rear by the automobile driven by the additional defendant.

[2] Appellant received a letter of notice as to assessment of damages in March but failed to respond to it or to request a trial on the issue of damages. The assessment was then made accordingly.

[3] Appellant contends that he sought legal assistance upon receiving notification that his driver's license was to be revoked.

to the complaint or to any other correspondence he received in this case. Appellant's petition to open judgment also asserted a factual account of the motor vehicle collision which contradicted that of the appellee in the original complaint and which appellant asserts would constitute a meritorious defense.[4]

Appellee filed an answer to this petition on January 18, 1973, denying the factual allegations on the merits and denying that any telephone assurance had been made to appellant by counsel for appellee. Seven days later on January 25, 1973, the court below entered its order denying the petition to open on consideration of the petition and answer. In its opinion, the court below found that appellant had failed to "reasonably explain or excuse the default."[5]

In appealing from that order, appellant contends that the court below improperly entered the order with-

---

[4] In his opinion, Judge HIRSH did not pass upon appellant's asserted defense, but found that his discretion to grant relief should be exercised only when "a defense is shown to exist on the merits," together with a reasonable explanation for the default and the prompt filing of a petition to open. We note that in trespass actions, as distinguished from suits in assumpsit, the moving party must explain his default and any delay in moving to open, but does not necessarily have to make a showing of a meritorious defense in order to open a judgment, so long as he has shown his clear advantage in terms of the equities. *Kraynick*, infra; see *Balk*, infra, at footnote 140.

[5] The court below found that even if counsel for appellee had told appellant to "forget the whole thing", appellant's reliance on that assurance would not constitute a valid explanation for the default. Although we need not decide this issue, and while mere ignorance or inexperience with the legal process is by itself an insufficient justification for a default, there does appear to be authority which might sustain a defendant's failure to involve himself in the lawsuit on the basis of being lulled into a false sense of security by opposing counsel. See *Stein v. Greene*, 178 Pa. Superior Ct. 464, 116 A. 2d 308 (1955); *Batzle v. Trumbower*, 22 Pa. Superior Ct. 487 (1903); but see *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A. 2d 698 (1973).

out allowing him the time guaranteed by Rule 209 of the Rules of Civil Procedure to take depositions of the opposing party as to issues of fact in controversy. We agree.

Proceedings to open judgment are equitable in nature, and the trial court's exercise of discretion in opening or refusing to open judgments is reviewable only for misapplication of the law or for manifest abuse of that discretion. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A. 2d 128 (1971); *Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971); *Pittsburgh National Bank v. Kenilworth Restaurant Co.*, 202 Pa. Superior Ct. 238, 195 A. 2d 919 (1963). It is equally well established that part of the law applicable to such proceedings is Rule 209 of the Rules of Civil Procedure, which provides:

"If, after the filing and service of the answer, the moving party does not within fifteen days:

"(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

"(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule."

Since the issues involved in the opening of judgments are based on matters not already on the record, once a petition and answer are filed, the rule becomes operative. The wording of the rule conveys a clear

directive to the motions court, allowing the moving party seeking to open the judgment fifteen days in which to exercise his right to take depositions in support of his position, where, as here, issues of fact are present. A corollary to this is the right to have the motion heard on petition, answer and depositions. *Smith v. Dale,* 405 Pa. 293, 175 A. 2d 78 (1961). See *Kuntz v. Lanbar Hotel Co.,* 380 Pa. 90, 110 A. 2d 249 (1955). Prior to the expiration of the fifteen day period, nothing can occur to the prejudice of the moving party where issues of fact exist. Accordingly, the action of the court in denying the motion to open, seven days after the filing of appellee's answer to the petition was in error.

The order of the court below is vacated and the case is remanded for further proceedings consistent with Rule 209. Appellant shall be granted fifteen days in which to take depositions.