Sta-Rite Industries, Inc., *v.* Century Water Treating (et al., Appellant).

Argued June 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Marshall M. Cohen,* for appellant.

*Henry C. Haefner,* with him *Sam Ferguson Musser,* for appellee.

OPINION BY PRICE, J., September 23, 1974:

This appeal comes before the Court on a denial of a petition to open a default judgment entered by the lower court en banc. The appeal is brought by appellant Grace M. Lehman only and is not joined by co-defendant Century Water Treating. Appellant contends that the denial constituted an abuse of discretion in the lower court. We agree and therefore will reverse.

The facts briefly stated are: Appellant had taken over the presidency of Century Water Treating (Century) after the death of her husband, the founder and former president, in 1964. Century had become indebted to appellee for approximately $2500.00 owed for past supplies and equipment. On October 20, 1967, appellee and appellant discussed this debt and appellant signed a note payable to appellee in the amount of $2516.54. Appellant contends this note was signed by her in her capacity as president of Century to reflect the past debt owed by the company, and was not in any way intended to reflect a personal indebtedness. Appellee, on the other hand, maintains that the note was given to secure a personal loan made to appellant.

Appellee also contends that appellant is personally liable for the alleged balance of $746.71 still owing for supplies sent to Century. Appellant maintains that the supplies were not ordered in her personal capacity but were instead ordered by and sent to Century, and as such Century, not appellant, is liable for their cost. Century ceased operations in June of 1969.

Appellant was personally served with a complaint on March 10, 1972. The complaint demanded appellant pay appellee the amount due plus interest and costs. The complaint was properly endorsed with a notice to plead within 20 days or a default judgment would be entered. Appellant failed to respond until April 24, 1972. A default judgment was entered against appellant on April 20, 1972.

It is well settled that a petition to open a judgment may only be granted when three factors are present: (1) the petition to open is promptly filed, (2) the default is reasonably explained or excused, and (3) a defense to the cause of action is shown to exist upon the merits. *Matyas v. Albert Einstein Medical Center*, 225 Pa. Superior Ct. 230, 310 A.2d 301 (1973); *Seltzer v. Ashton Hall Nursing and Convalescent Home*, 221 Pa. Superior Ct. 127, 289 A.2d 207 (1972); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). In the present case, the petition to open was filed on May 5, 1972, 14 days after the default judgment had been entered. Appellee concedes that the element of prompt filing is present. Appellant satisfies the third requirement by alleging the defense of fraud. This defense, if believed by the trier of fact, will constitute a valid defense to the complaint. This also is conceded by appellee in its brief.

The crux of the lower court's refusal to open centers on the appellant's reasons for failure to file an answer or appearance within the required time. The general rule is that a petition to open a judgment is a matter within the discretion of the court and the decision will not be overturned in the absence of a clear, manifest abuse of that discretion. *Balk v. Ford Motor Co., supra; D'Amore v. Erthal*, 421 Pa. 417, 219 A.2d 674 (1966).

At the time appellant was served with the complaint, she was employed as a traveling sales representative for Cash Savings Directory. Her job often took her

away from home, frequently for several days at a time, and at one time in the time span here involved for more than a week. Appellant attempted to contact her attorney on more than one occasion but was unsuccessful. Appellant also apparently miscalculated the end date for filing an answer or appearance. Appellant finally contacted her attorney who acted promptly and entered an appearance prior to any notation of the default judgment upon the record. The Docket Entries with the record support this curious fact.[1]

Also, although appellant served as president of Century, we are unconvinced that she fully realized and understood the significance of the legal documents confronting her. This is not a case where failure to answer was occasioned by the inattentiveness of an overburdened counsel, *King v. Fayette Aviation*, 226 Pa. Superior Ct. 588, 323 A.2d 286 (1974), nor did appellant ignore repeated requests to answer after being

---

[1] The Docket Entries show the following in the order given:
"December 17, 1971 . . . .
"February 11, 1972 . . . .
"March 10, 1972 . . . .
"March 10, 1972 . . . .
"April 24, 1972 Appearance of Marshall M. Cohen, Esq. filed for Grace M. Lehman.
"April 20, 1972 Enter default judgment in favor of the Plaintiff, Sta-Rite Industries, Inc., against Century Water Treating and Grace M. Lehman, defendants, in the amount of $4062.62 being the following: First cause of action principal sum of $746.71 plus interest thereon from 9/30/69 in the amount of $115.71 and second cause of action principal sum of $2516.54 plus interest thereon from 10/20/67 in the amount of $683.66, together with costs. The Complaint in Assumpsit having been served on defendant March 10, 1972 and no appearance or answer having been filed thereon to date.
                    "Sam Ferguson Musser, Attorney for Plaintiff
"April 20, 1972 Affidavit of non-military service filed.
"AND Now, April 20, 1972, judgment is entered as above directed.
                    Robert M. Reed, Prothonotary."
(Remaining Docket Entries omitted).

granted time extensions. *Seltzer v. Ashton Hall Nursing and Convalescent Home, supra; Ab v. Continental Imports,* 220 Pa. Superior Ct. 5, 281 A.2d 646 (1971). This is instead a case dealing with a less than fully informed person burdened by a default judgment entered soon after the statutory period for response had passed. Appellee will be in no way prejudiced by the opening of this judgment, and the facts of the case demand the equitable relief.

The order of the lower court is reversed.

---

DISSENTING OPINION BY JACOBS, J.:

As pointed out by the majority, the disposition by a lower court of a petition to open a judgment will not be disturbed on appeal absent an error of law or a clear, manifest abuse of discretion. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971). *Triolo v. Philadelphia Coca Cola Bottling Co.,* 440 Pa. 164, 270 A.2d 620 (1970); *Matyas v. Albert Einstein Medical Center,* 225 Pa. Superior Ct. 230, 310 A.2d 301 (1973). Appellee's failure to file a timely answer is not excused by any reasonable cause but is merely explained by lack of diligence. Whereas such an excuse might be sufficient to justify a lower court in exercising its discretion to open a judgment, the failure of the lower court to do so could hardly be considered a clear and manifest abuse of discretion. There is no support for the majority's position that an individual unschooled in the law, even though a president of a company, can ignore a properly endorsed notice to plead and be immune from unfavorable consequences. I respectfully dissent and would affirm the court below.