Campbell et al. *v.* Heilman Homes, Inc., Appellant.

Submitted November 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William C. Robinson,* and *Henninger & Robinson,* for appellant.

*Leo M. Stepanian,* and *Brydon & Stepanian,* for appellees.

OPINION BY PRICE, J., March 31, 1975:

This appeal comes before this court following the denial of a petition to open a default judgment entered by the lower court. Appellant contends that it has complied with the requirements for setting aside the default judgment. We agree and, therefore, will reverse.

The lower court conducted a hearing on the petition to open the judgment, at which time Thomas C. Heilman, president of appellant corporation, testified. His testimony established that appellant is a Pennsylvania corporation with its principal office in Ford City, Armstrong County, Pennsylvania. Appellant also operated branch offices in Blairsville, Butler, and Zelienople. Appellees, Wilbur and Clara Campbell, purchased a mobile home from appellant at its Zelienople sales lot on February 28, 1973. Delbert Marvin, appellant's lot manager, handled the sale. Appellees later alleged that there were substantial defects in the mobile home. On December 12, 1973, appellees served appellant, through Marvin, with a complaint in assumpsit, duly endorsed with a notice to plead. The complaint was served at the Zelienople sales location, and alleged damages in the amount of $3,479.89.

Heilman's testimony indicated that the standard procedure established by the company required the lot managers to forward all important papers to the home office. Marvin, however, failed to follow this procedure and never relayed the complaint to the main office. Heilman also testified that during the time the complaint was served at the branch office, Marvin was reporting for work only one or two days a week. This failure to report for work led to Marvin's discharge on approximately December 20, 1973, and a new lot manager replaced him. The new manager, Walt Rubino, was instructed to inspect the files and send all important mail and papers to the

main office. The complaint was thus discovered and forwarded to the Ford City office sometime between January 15 and 18, 1974. Appellant subsequently turned the case over to its attorney on approximately January 24, 1974, and he in turn referred the case to a Butler County lawyer for preparation. Meanwhile, on January 10, 1974, nine days after the last day for filing an answer or other pleading had passed, a default judgment was entered against appellant. Appellant presented its petition to open judgment to the lower court on February 6, 1974.

It is well settled in the Commonwealth that a petition to open a judgment may be granted only when three factors are present: (1) the petition to open is promptly filed; (2) the default is reasonably explained or excused; and (3) a defense to the cause of action is shown to exist on the merits. *McCoy v. Public Acceptance Corporation*, 451 Pa. 495, 305 A.2d 698 (1973). We have examined the record and agree with the lower court's decision that the petition to open was promptly filed and that a meritorious defense was set forth in the petition.[1]

We must, therefore, address ourselves to the issue of the default in failing to file a timely answer to the complaint. We are well aware that a petition to open a judgment is within the discretion of the court and will not be overturned in the absence of a clear, manifest abuse of that discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Kilgallen v. Kutna*, 226 Pa. Superior Ct. 323, 310 A.2d 396 (1973). We are, however, convinced that the appellant has reasonably explained the default and so the default judgment should have been

---

1. Appellant presented its petition to open judgment to the lower court 28 days after the default judgment was entered. The facts as presented from the record indicate an adequate explanation for the delay in presenting the petition. Appellant also alleged that if there were any defects in the mobile home caused by it, they could be remedied for $50.00. This, if believed by the trier of fact, would constitute a defense to the cause of action, at least as to the amount sought in the complaint.

opened. *Sta-Rite Industries, Inc., Water King Division v. Century Water Treating,* 230 Pa. Superior Ct. 285, 326 A.2d 425 (1974).

Appellant's actions indicate it had every intention of making an affirmative defense to the complaint charges. This is not a case wherein failure to answer was a planned tactical decision. *See Myers v. Mooney Aircraft, Inc.,* 429 Pa. 177, 240 A.2d 505 (1967) ; *Kanai v. Sowa,* 109 Pa. Superior Ct. 426, 167 A. 429 (1933). This is rather a case dealing with an unintentional omission to act. Our court has held that where failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened. *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc.,* 223 Pa. Superior Ct. 466, 301 A.2d 907 (1973). *See Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971) ; *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970).

The failure of appellant to respond to the complaint was occasioned by the inattentiveness of its employee. While we may not be in agreement with appellant's method of insuring that important papers reach their corporate appointed destination, we will not saddle it with a default judgment in this case. The mistake in the present case is not unlike a clerical error, which has been held to constitute sufficient legal justification to open a default judgment. *Johnson v. Yellow Cab Company of Philadelphia,* 226 Pa. Superior Ct. 270, 307 A.2d 423 (1973). Appellee will be in no way prejudiced by the opening of this judgment.

The order of the lower court is reversed.

---

DISSENTING OPINION BY HOFFMAN, J.:

I cannot agree with the Majority's conclusion that the trial court abused its discretion in failing to grant appellant's petition to open judgment. I agree that appellant's petition was promptly filed and that a meri-

torious defense was averred. I fail to see, however, why the lower court's finding that appellant did not justify its failure to answer appellee's complaint amounts to an abuse of discretion.

As the Majority notes, a lower court's disposition of a petition to open judgment is a matter of discretion, and will not be overturned in the absence of a clear, manifest abuse of that discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). While lip-service is often paid to that term, it is rarely defined. It is necessary that we state exactly what we mean when we refer to an "abuse of discretion": "When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; *it is not sufficient to persuade the appellate court that it might have reached a different conclusion* if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. 'An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' *Mielcuszny et ux. v. Rosol,* 317 Pa. 91, 93, 94, 176 A. 236." *Garrett's Estate*, 335 Pa. 287, 292-93, 6 A.2d 858 (1939). (Emphasis added). *See also Mackarus Estate,* 431 Pa. 585, 246 A.2d 661 (1968).

I respectfully submit that the Majority opinion fails to adhere to the proper standard of review an appellate court must employ when passing on a discretionary decision of a lower court. The Majority opinion is couched in language which does no more than indicate that the Majority, were it deciding the petition *de novo,* would have reached a different result: "We are, however, convinced that the appellant has reasonably explained the default and so the default judgment *should have been*

opened." (Emphasis added). Further, the Majority notes that "[o]ur court has held that where failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment *may* be opened." (Emphasis added). The Majority opinion, however, fails to explain why the lower court abused its discretion. The very language used by the Majority indicates that the lower court applied the proper legal principles, but that the Majority and the trial judge differ as to the effect of those principles on the facts of this case. As pointed out by Judge JACOBS, dissenting in *Sta-Rite Industries, Inc., Water King Division v. Century Water Treating and Grace M. Lehman*, 230 Pa. Superior Ct. 285, 326 A. 2d 425 (1974), it is one thing to hold that the lower court's decision to open a default judgment is a proper exercise of discretion, but quite a different matter to hold that the court abused its discretion because it denied a petition to open judgment.

I agree with the Majority that the appellant's failure to file an answer or enter an appearance was the result of negligence, rather than the product of a deliberate attempt to delay. The Majority cites three decisions for the proposition that in this situation "the default judgment may be opened." Two of these cases *affirmed* the rulings of the lower court which opened a default judgment. *Balk v. Ford Motor Co.*, supra; *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc.*, 223 Pa. Superior Ct. 466, 301 A. 2d 907 (1973). Thus, these cases do not stand for the proposition that a *denial* of a petition to open is an abuse of discretion in a case where the defendant's failure to answer was caused by an oversight or an unintentional omission. *See also Johnson v. Yellow Cab Co. of Philadelphia*, 226 Pa. Superior Ct. 270, 307 A. 2d 423 (1973).

The third case cited by the Majority, *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970), did reverse the lower

court's denial of the petition to open. In *Fox*, the default judgment was entered on the *first* day after the appellant's twenty-day period in which to file an answer or enter an appearance had expired. The Court was concerned that ". . . this was a studied attempt by appellee to obtain a default judgment." 438 Pa. at 367, 264 A. 2d at 625. In the present case, however, the default judgment was not entered until nine days after the twenty-day period had elapsed.

It must be remembered that "[a] petition to open judgment is addressed to the sound discretion of the court and is an appeal to the court's equitable powers." *Wenger v. Ziegler*, 424 Pa. 268, 273, 226 A. 2d 653, 655 (1967). *See also Atlas Aluminum Corp. v. Methods Research Products Company*, 420 Pa. 407, 218 A. 2d 244 (1966). In passing on a petition to open judgment, the trial court's decision is basically an equitable determination made under all the circumstances. We should not reverse a decision of this kind absent a showing by the appellant that the trial court committed a clear and manifest abuse of discretion. It is not enough that we would decide differently were we the court of initial jurisdiction. There must be a demonstration that the trial court applied erroneous legal principles to the factual situation presented, or that the court was biased or prejudiced against the appellant. This is clearly not such a case.

I would affirm the order of the court below.

JACOBS and SPAETH, JJ., join in this dissenting opinion.