369 A.2d 266

**GREATER FINANCE COMPANY**

v.

**Harold HARRIS and Claudia M. Harris.**

**Appeal of Claudia M. HARRIS.**

Superior Court of Pennsylvania.

Argued June 18, 1976.

Decided Nov. 22, 1976.

Luther E. Weaver, Philadelphia, for appellant.

Samuel B. Brenner, Philadelphia, for appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from an order denying a petition to open a judgment taken by default. For the reasons stated hereinafter, we affirm the order of the court below.

[1] The cases are legion, the principles oft-cited, and the limitations of appellate inquiry well-defined. "Our review of the decision of the court below [on a petition to open a judgment by default] . . . is guided by several well established principles, foremost of which is that 'only when there has been an abuse of discretion by the court below in refusing to open a default judgment will this Court reverse . . . .' *Kraynick v. Hertz,* 443 Pa. 105, 109, 277 A.2d 144, 146 (1971). If the decision by the court below not to open the judgment was authorized by the law and supported by the facts, it will be sustained. *Criscuolo v. Moore Farms, Inc.,* 222 Pa.Super. 323, 294 A.2d 895 (1972).

"The petition to open a default judgment is an appeal to the equitable discretion [*see Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967); *Atlas Aluminum Corp. v. Methods Research Products Company,* 420 Pa. 407, 218

A.2d 244 (1966)] of the court which the court may exercise only when three factors coalesce: '(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense.' *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (1973)." *Slott v. Triad Distributors, Inc.*, 230 Pa.Super. 545, 549, 327 A.2d 151, 153, *allocatur refused*, 230 Pa.Super. xxviii (1974).

Appellee instituted an action in assumpsit against appellant Claudia Harris and her spouse Harold Harris on July 16, 1974, to recover for an alleged breach of a written contract for the loan of money. Service of a properly endorsed complaint was made upon the appellant, Claudia M. Harris on July 17, 1974. Twenty-one days later, on August 7, 1974, at 9:45 a. m., a snap judgment in the amount of $1,030.40 was entered in favor of appellees and against appellant for her failure to file a responsive pleading to the complaint. On August 12, 1974, appellee filed a writ of execution for the purpose of selling appellant's home to satisfy the judgment. Appellant's home was sold at a sheriff's sale on September 9, 1974. The record indicates that it was not until September 10, 1974, that the appellant sought the aid of Legal Services.

A petition to open judgment and set aside the sheriff's sale was docketed in the court below on September 24, 1974. The court below found that "the defendant has failed to set forth a sufficient excuse for the default," [1] *see Slott v. Triad Distributors, Inc.*, supra, and denied the petition.

The court below expressed the following considerations in its decision to deny the petition to open: "The defend-

[1]. The lower court concedes that the appellant has averred a meritorious defense, but intimates no opinion on whether the appellant has satisfied the requirement of promptly filing the petition to open.

ant has offered, as an excuse for the default, her failure to understand the consequences of the pleadings served upon her. The record demonstrates, however, that the defendant was forty-nine years of age, attended school to the eleventh grade, was able to read and was of average intelligence. At least three letters or documents in this motion were received before she was moved to consult with her social worker [who directed her to Legal Services]. In addition, it is also admitted that she never troubled to retrieve a registered letter at the Post Office after due notification thereof.

"This Court declines to accept the proffered excuse as constituting sufficient reason to open this judgment."

This Court has expressed its disapproval of "snap" judgments. " 'Snap' judgments taken quickly after the expiration of an answer's due date are viewed by the courts with disfavor. This view results both from the fact that prejudice to the party taking the judgment can rarely be shown, and from the fact that such action is thought to be contrary to the true purpose of the default judgment." *Slott v. Triad Distributors, Inc.*, supra at 548, 327 A.2d at 152 (footnote omitted). Moreover, in the context of appellant's averred "meritorious defense," to-wit, that her signature on the loan agreement was a forgery, the denial of the petition to open seems particularly harsh. Nonetheless, our scope of appellate review is distinctly delimited.

"In passing on a petition to open judgment, the trial court's decision is basically an equitable determination made under all the circumstances. We should not reverse a decision of this kind absent a showing by the appellant that the trial court committed a clear and manifest abuse of discretion.[2] It is not enough that

2. "When the court has come to a conclusion by the exercise of its discretion, the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is neces-

we would decide differently were we the court of initial jurisdiction. There must be a demonstration that the trial court applied erroneous legal principles to the factual situation presented, or that the court was biased or prejudiced against the appellant." *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 373, 335 A.2d 371, 374 (1975) (dissenting opinion by HOFFMAN, J., in which JACOBS and SPAETH, JJ., joined) (footnote added).

The essence of the lower court's opinion in this case is a finding that the appellant exhibited a total indifference to the various letters and documents she received, and, after an independent review of the testimony, it is clear that there are sufficient facts of record to support such a finding. Appellant's "failure to file a timely answer is not excused by any reasonable cause but is merely explained by lack of diligence. Whereas such an excuse might be sufficient to justify a lower court in exercising its discretion to open a judgment, the failure of the lower court to do so could hardly be considered a clear and manifest abuse of discretion." *Sta-Rite Industries, Inc., v. Century Water Treating*, 230 Pa.Super. 285, 289, 326 A.2d 425, 427 (1974) (dissenting opinion by JACOBS, J.).

Because the decision of the court below was authorized by law and supported by the facts, we are unable to find an abuse of discretion.

Order affirmed.

SPAETH, J., files a dissenting opinion in which PRICE and VAN der VOORT, JJ., join.

---

sary to go further and show an abuse of the discretionary power. 'An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' *Mielcuszny et ux. v. Rosol*, 317 Pa. 91, 93, 94, 176 A. 236, 237." *Garrett's Estate*, 335 Pa. 287, 292–93, 6 A.2d 858, 860 (1939).

SPAETH, Judge, dissenting:

This case illustrates the fact that the law cannot be reduced to a collection of formulae. Some cases, to be sure, can be decided the way a problem in arithmetic is solved. Either a future interest does, or does not, vest within the period prescribed by the rule against perpetuities. In other cases, however, and I have come to suspect in most, the result will depend upon the spirit in which the particular judge approaches the record before him.

This spirit will vary, for it is determined not only by the judge's legal training, but by his personal philosophy. The resulting diversity of decision is not to be regretted but rather accepted, for it introduces some play in the law's joints. No one judge knows best. Every judge, nevertheless, must say what he believes to be best. If his colleagues differ, so be it. Here, the majority finds no abuse of discretion in what the lower court has done. I, on the other hand, am outraged.

The judgment was taken at 9:45 a. m. on the 21st day; it could hardly have been snapped more quickly. The result was that appellant's home was sold. It is difficult to imagine a result more harsh. The result would not be harsh if appellant had borrowed money and not repaid it; but her offer is to prove that her husband with whom she has not lived since 1957 borrowed the money in 1964 without her knowledge and for his own use, and forged her name to the loan agreement. I submit met with such an offer, the decent business man will respond in only one way: he will satisfy himself whether appellant's name was forged, and if it was, give her back her home. If instead the business man clings to his judgment, as appellee does here, the decent court should open it.

The majority concedes that "the denial of the petition to open seems particularly harsh." Majority opinion at 11. The majority further concedes, or at any rate does not dispute, that of the three tests that must be met, two

have been met: the petition was promptly filed; and it offers to prove a meritorious defense (in fact, it offers to prove two meritorious defenses: forgery, and the statute of limitations). Thus it is only with respect to the third test that the majority and I differ.

The third test is that it must appear that appellant's failure to answer the complaint within twenty days was excusable. *Slott v. Triad Distributors, Inc.*, 230 Pa. Super. 545, 327 A.2d 151, *allocatur refused*, 230 Pa. Super. xxviii (1974). Appellant offered as her excuse her failure to understand the consequences of not filing an answer. The lower court replied that she should have understood: "The record demonstrates," said the lower court, "that [appellant] was forty-nine years of age, attended school to the eleventh grade, was able to read and was of average intelligence." These facts, however, prove very little. The endorsement on the complaint did not tell appellant that if she did not answer, her home might be sold; it simply said that a default judgment might be entered against her. Of course she should have inquired; and of course she should not have ignored the later letters notifying her that judgment had been taken against her and that her property would be sold at the Sheriff's Sale. Nevertheless, there is nothing to suggest that she had any familiarity with the law. To me it is evident that she thought the claim was for something that was her husband's responsibility, not hers.[1] If her name was forged, ignorant of the law as she was, she was right. Her only mistake was in not realizing that if she did not answer the complaint, what was her husband's responsibility might be transformed into hers. To say that because she was forty-nine and had gone to the eleventh grade, she should have anticipated such a transformation, is, I think, unfeeling to the point of being callous. It is in any event not the language of a chancellor in equity, and a petition to open is, after all, an appeal to a chancellor. *Richmond*

---

1. All notices were addressed to Harold Harris and Claudia Harris.

*v. A. F. of L. Medical Service Plan of Phila.,* 415 Pa. 561, 562, 204 A.2d 271, 272 (1964).

The majority says that despite these considerations, there is nothing we can do: "our scope of appellate review is distinctly delimited." Majority opinion at 11. It is not all that delimited. We may, and should, reverse where there has been an abuse of discretion. One test of whether there has been an abuse is whether "the judgment exercised is manifestly unreasonable." *Garrett's Estate,* 335 Pa. 287, 292–93, 6 A.2d 858, 860 (1939); *Johnson v. Yellow Cab Company of Philadelphia,* 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973); *Kilgallen v. Kutna,* 226 Pa.Super. 323, 327, 310 A.2d 396, 398 (1973); *Weintraub Appeal,* 166 Pa.Super. 342, 348, 71 A.2d 823, 825 (1950).

In assessing whether the lower court's order was manifestly unreasonable, I do not find the majority's citation of *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 335 A.2d 371 (1975), in point. There, the party failing to answer was a business corporation, not, as here, a poor woman ignorant of the law.

A case that is in point is *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970). There, the Supreme Court reversed the lower court's denial of a petition to open a snap judgment, stating:

> The record shows that the complaint was served on appellant's wife and not on his counsel, that his education ended with the ninth grade, and that the notice to plead was in very small letters. *A person untrained in the law would not be looking for any such notice,* and when it was in such small lettering it was unlikely to catch his attention.

*Id.* at 367, 264 A.2d at 625 (emphasis added).

In addition, the Court observed:

> Taking judgment so early on the twenty-first day together with the small notice to plead gives the impres-

sion that all this was a studied attempt by appellee to obtain a default judgment.

*Id.*

The same may be said here.

*Sta-Rite Industries, Inc. v. Century Water Treating,* 230 Pa.Super. 285, 326 A.2d 425 (1974), is also in point. There, this court reversed a denial of a petition to open. The appellant had taken over the presidency of a corporation after the death of her husband, and had signed a note payable to the appellee to satisfy a debt for past delivered supplies. The appellant was personally served with a complaint that demanded payment of the amount due plus interest. During part of the time allotted for answering the complaint, the appellant was out of town because of her job, and she was unsuccessful in attempts to communicate with her attorney. This court said:

> [A]lthough appellant served as president of Century, *we are unconvinced that she fully realized and understood the significance of the legal documents confronting her.* . . . This is . . . a case dealing *with a less than fully informed person* burdened by a default judgment entered soon after the statutory period for response had passed. . . . [T]he facts of the case demand the [*sic*] equitable relief.

*Id.* at 288–89, 326 A.2d at 427 (emphasis added).

Here, appellant's only work experience has been as a domestic and a laborer. This and her limited education adequately explain why she did not understand the significance of not filing an answer to the complaint. When one also considers that the judgment was snap, that appellant has been deprived of a chance to prove two meritorious defenses, and that she has lost her home, it seems to me that the action of the lower court in refusing to open the judgment was most unreasonable.

The order of the lower court should be reversed.

PRICE and VAN der VOORT, JJ., join in this opinion.