398 A.2d 977

**GREATER FINANCE COMPANY, Appellee,**

v.

**Claudia M. HARRIS, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 9, 1979.

Decided March 14, 1979.

Community Legal Services, Inc., Steven P. Hershey, Luther E. Weaver, Jeffery W. Whitt, Philadelphia, for appellant.

Brenner & Brenner, Samuel B. Brenner, Alan B. Liss, Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM:

In this action in assumpsit against a husband and wife based on a breach of a loan agreement allegedly executed by both defendants, default judgment was entered against the wife-defendant at 9:45 a. m. on the twenty-first day following service of the complaint. The Court of Common Pleas denied a petition to open the judgment. The Superior Court affirmed the action of the Court of Common Pleas by a divided vote. *Greater Finance Co. v. Harris*, 245 Pa.Super. 8, 369 A.2d 266 (1976). Judge Spaeth filed a dissenting opinion in which Judges Price and Van der Voort joined. *Id.*, 245 Pa.Super. at 13, 369 A.2d at 269. We granted allocatur.

The majority in the Superior Court concluded that the wife-defendant had demonstrated a valid defense to the plaintiff's claim [1] and had acted with due dispatch in filing the petition to open the judgment, but found that she had not shown sufficient excuse for failing to file a timely answer to the complaint and, hence, the Court of Common Pleas had not been guilty of an abuse of discretion in refusing to open the judgment.

We find the reasoning and conclusions expressed by Judge Spaeth persuasive.

[1]. The loan agreement was allegedly signed by the husband and wife in 1964. The petition to open stated and depositions were filed to establish that the husband and wife had not lived together since 1957, and that the wife's signature on the loan agreement was a forgery.

130

The orders of the Court of Common Pleas and the Superior Court are reversed, and the record is remanded to the trial court for further proceedings.

O'BRIEN, J., took no part in the consideration or decision of this case.